**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **FARMOBILE LLC,** | |
| **Plaintiff,** | |
| **v.** | Civil Action No. ____ |
| **FARMERS EDGE INC. AND FARMERS EDGE (US) INC.** | **JURY TRIAL REQUESTED** |
| **Defendant**. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Farmobile LLC ("Plaintiff" or "Farmobile"), by and through its undersigned counsel, brings this action against Farmers Edge Inc. and Farmers Edge (US) Inc., (collectively, "Farmers Edge" or "Defendants"), to prevent Defendants' continued use of Plaintiff's patents without authorization and to recover damages resulting from such unauthorized use.

## PARTIES

1.      Plaintiff Farmobile LLC is a limited liability corporation organized and operating under the laws of the State of Kansas, with its principal place of business located at 4001 W 114th St., Ste. 300, Leawood, Kansas 66211, USA.

2.      Farmobile is the assignee of all right, title, and interest in U.S. Patent Nos. 11,126,937 ("the '937 patent," attached as Ex. A), 11,151,485 ("the '485 patent," attached as Ex. B), 10,963,825 ("the '825 patent," attached as Ex. C), 11,107,017("the '017 patent," attached as Ex. D), and 11,164,116 ("the '116 patent," attached as Ex. E) (collectively, the "Patents-in-Suit").

3.      On information and belief, Defendant Farmers Edge Inc. is a corporation organized under the laws of the province of Manitoba, Canada, with its principal place of business at 25 Rothwell Road, Winnipeg, Manitoba, Canada.  On information and belief, Farmers Edge Inc. operates through Defendant Farmers Edge (US) Inc. in the United States, including in the State of Texas and this judicial district.

4.      On information and belief, Defendant Farmers Edge (US) Inc. is a wholly owned sales subsidiary of Farmers Edge Inc.  Ex. F.  On information and belief, Defendant Farmers Edge (US) Inc. is a corporation organized and existing under the laws of the State of Minnesota. Ex. G.  On information and belief, Farmers Edge (US) Inc. maintains a regular place of business at 1010 Dale Street North Saint Paul, MN 55117 USA.  *Id.*  On information and belief, Farmers Edge (US) Inc. may be served with process through its registered agent, National Registered Agents, Inc., 3350-2901 South Loop Dr. Ames, IA 50010 USA.  *Id.*

5.      On information and belief, Farmers Edge (US) Inc. services the entire state of Texas.  Ex. H.  On information and belief, Farmers Edge (US) Inc. services the state of Texas by maintaining sales representatives throughout the Eastern District of Texas, including East of I-35 of Texas.  Ex. I (Brandon Barranco LinkedIn profile).  On information and belief, these sales representatives work from their homes or otherwise remotely in the district.

6.      On information and belief, Farmers Edge sales and technical representatives promote sales, install products and provide training on how to use its products equipped with or comprising integrated software-hardware system that records farming data relating to farming operations ("Accused Products") throughout the Eastern District of Texas.  For example, Farmers Edge's operation in this district includes maintaining Regional Operators, Hub

Operations Managers, Business Account Managers, and multiple Client Success Managers to engage with Texas farmers.  *See* Ex. J.

7.      On information and belief, Farmers Edge completed strategic partnerships with other agricultural companies to promote the sales, distribution, and training of its Accused Products throughout the Eastern District of Texas.  For example, Farmers Edge website published in 2018 that it entered "a collaboration with Phillips Seed Farms Inc., a trusted full-line seed company servicing Midwest and Southern U.S. states–one of the strongest agricultural regions in the country," and that "[u]nder this partnership, Phillips Seed dealers spanning across . . . ***Texas*** . . will access Farmers Edge suite of precision digital solutions, including: . . . field-centric data collection, and a wide variety of advanced decision support tools, such as benchmarking analytics and predictive crop models."  Ex. K (emphasis added).  In another example, Farmers Edge "announced a strategic technology alliance" in 2018 with "HBS Systems, a leading provider of turn-key dealer management systems and software [based in Richardson, Texas]."  Ex. L.  Under this alliance, Farmobile will "offer . . . connecting dealers with customers and their machines to streamline equipment maintenance," under this alliance. *Id.*

8.      On information and belief, Farmers Edge (US) Inc. offers and promotes its products through its partnership with CNH Industrial America LLC ("CNH"), which maintains dealerships throughout the Eastern District of Texas, including Longview, TX, Tyler, TX, Mount Pleasant, TX, and Texarkana, TX.

9.      On information and belief, Farmers Edge has numerous customers located in Texas, including throughout this judicial district.

## JURISDICTION AND VENUE

10.     This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et seq., including 35 U.S.C. § 271.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court has personal jurisdiction over Defendants, in part because they transact continuous and systematic business and have substantial, systematic, and continuous contacts in this District, including by providing the Accused Products and services to the residents of the Eastern District of Texas.  Defendants knew the Accused Products would be used within this District by soliciting business from the residents of the Eastern District of Texas.

12.     For example, Defendants are subject to personal jurisdiction in this Court because, *inter alia*, and on information and belief, they have and continue to operate directly or through their wholly owned subsidiaries, representatives, intermediaries, or agents in the State of Texas, including Brandon Barranco, Phillips Seed Farms Inc., HBS Systems, and CNH.  *See* Exs. I, K, L.

13.     Defendants are also subject to the personal jurisdiction of this Court because, on information and belief, they directly or through agents regularly solicit and transact business in the Eastern District of Texas (and elsewhere in the State of Texas) to derive financial benefit from residents of this District.  For example, Farmers Edge maintains a Texas Taxpayer Number and the right to transact business in Texas.  Ex. M (Farmers Edge Texas Franchise Tax Account profile).  The benefit that Defendants derive from their business transactions includes those directly related to the infringement of the Patents-in-Suit as set forth herein.

14.     On information and belief, Defendants have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271, and have made, used, marketed, distributed,

offered for sale, sold, or imported products alleged herein to infringe one or more of the Patents-in-Suit in the State of Texas, including in this District, and engaged in infringing conduct within and directed at or from this District.  For example, Defendants have purposefully and voluntarily placed the Accused Products into the stream of commerce with the expectation that the Accused Products will be used in this District.  These Accused Products include, but are not limited to; devices, called CanPlugs, installed in or on agricultural equipment configured to record and transmit data during a farming operation, including real-time data generated by the agricultural equipment, as well as the related FarmCommand software platform that the user may access to retrieve and/or view the recorded data using a mobile device, such as a tablet or laptop computer. Defendants have been and continue to distribute the Accused Products, as well as their entire product line that includes satellite imagery, weather stations, and variable rate application, among other things, to be used in this District.  In another example, Defendants have sold the Accused Products, including the FarmCommand app throughout the state of Texas, as shown by the weather stations locations that corresponds, upon information and belief,  to actual individual users of the Accused Products:



Ex. N.  In yet another example, upon information and belief, Farmers Edge employees, including

Brandon Barranco, receive the Accused Products at their residences in Texas and distribute the

Accused Products to customers who purchased the Accused Products in any Texas location,

including customers in this District.

15.     Defendants also have been and continue to operate the Accused Products in an

infringing manner, including when they operate, service, update or repair the Accused Products

in an infringing manner.  Defendants' acts cause and have caused injury to Farmobile, including

within this District.  On further information and belief, Defendants have purposefully directed activities at citizens of Texas, including those located within this District, through advertising, promoting, selling, leasing, financing the sale/lease of, and servicing Accused Products that infringe one or more claims of the Patents-in-Suit or performing one or more activities using Accused Products provided by Defendants in a manner that infringes one or more claims of the Patents-in-Suit.  For example, Farmers Edge promotes its Accused Products through its dealerships, which include multiple CNH locations in this district including, Longview, TX, Tyler, TX, Mount Pleasant, TX, and Texarkana, TX.  On information and belief, Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas.

16.     On information and belief, Defendants have availed themselves of the privilege of conducting and soliciting business within this State, including engaging in at least some of the infringing activities in this State, and directing others acting as Defendants' agents or representatives in this District and the State of Texas, so that it would be reasonable for this Court to exercise jurisdiction consistent with principles underlying the U.S. Constitution, and the exercise of jurisdiction by this Court would not offend traditional notions of fair play and substantial justice.

17.     The Court also has personal jurisdiction over Defendant Farmers Edge, Inc. under Federal Rule of Civil Procedure 4(k)(2) if Defendants allege that Defendant Farmers Edge, Inc. is not subject to general jurisdiction in any one state.  The exercise of jurisdiction in this patent infringement action over Defendants under the federal law is consistent with the United States Constitution.

18.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  Defendant Farmers Edge, Inc. is a foreign corporation and not a resident of the United States, and may therefore be sued in any judicial district, including this one.  Venue is proper for Defendant Farmers Edge (US) Inc. because Farmers Edge (US) Inc. has committed acts of infringement in this District and maintains regular and established places of business in this judicial district.  For example, Farmers Edge (US) Inc. has also sold and distributed the Accused Products, including the "FarmCommand app," in this District, including, but not limited to, Denton, TX and Plano, TX, as shown by the weather stations reflected on the FarmCommand app:



Ex. O.

19.     In another example, in Farmers Edge's promotional video entitled "What We're Made Of," Brandon Barranco says that: "I'm a Key Account Manager for Farmers Edge covering Texas and Louisiana," and that "Since Texas is a large state, I actually cover an area from San Angelo to Uvalde, and east, which includes north Texas, central Texas, south-central

Texas, deep south Texas and **east Texas**. . ."  *See* Ex. P (Screen captures of "What We're Made of" video at 00:01-00:25) (emphasis added).[1]



In the same video, Brandon Barranco says: "[a]s a Key Account Manager [of Farmers Edge], I visit with **farmers and ranchers every day**, as well as our partners **in Texas** . . . building relationships with them, and **then selling them our solutions**."  *Id.* at 00:34-00:42 (emphasis added).

---

[1] <available at: https://www.facebook.com/FarmersEdge1/videos/472083707109776/?extid=SEO---->



## FACTUAL ALLEGATIONS

### *Precision Agriculture and Farming Data*

20.     Modern day agriculture often entails industrialized forms of crop farming, including agricultural machinery, large-scale irrigation, genetic engineering technology, and other techniques to achieve economies of scale in crop production.  This has contributed to increased farming yields and helped secure reliable food supply for the growing population worldwide.  Starting in the early 1980s, farmers began using a new form of farming to improve yield and decision-making:  precision agriculture.  Precision agriculture uses many types of data, including field activity-based agronomic and machine data gathered during agricultural activities to improve yield, increase the cost-effectiveness, and reduce the environmental impact of crop management strategies.  For example, a farmer could determine an expected harvest rate for a unit of land by reviewing previously recorded harvesting data.  In another example, a farmer can optimize fertilizer or pesticide application rates and irrigation amount for a unit of land out of the

- 11 -

total land available for farming—all based on the past data gathered while the farmer applied fertilizers or pesticides and supplied water.  Thus, in precision agriculture, securing reliable sources of accurate and comprehensive agronomic data is crucial.

### The Invention and Patents-in-Suit

21.     To address this need, the inventors of the Patents-in-Suit, Jason G. Tatge, Heath Garret Gerlock, and Randall Thomas Nuss, invented a novel way to obtain crucial agronomic data.  The inventors developed ways to uniquely capture, process, and unlock access to point-by-point ground-truthed field activity data while farmers were operating the farming equipment because previously, farmers have had trouble accessing high-quality farming data generated while performing daily operations such as seeding or harvesting.  The inventors developed ways to transmit and upload the point-by-point farming data during farming operations and developed easy ways to use and visualize such collected data.  Farmobile is responsible for protecting and licensing seminal innovations in the field of capturing, processing and sharing the point-by-point farming data.

22.     Farmobile's Patents-in-Suit generally relate to automated systems and methods for: (1) capturing, processing and sharing point-by-point farming data; (2) collecting farming operation data using passive data collection devices attached to farming equipment while the farming equipment operates; and (3) processing and sharing the farming operation data via an online farming data exchange system or server.

### The Accused Products and Infringing Acts

23.     On information and belief, Defendants, make, use, sell, offer for sale, lease, rent, distribute, service, repair, or import Farmers Edge's Accused Products in the United States.  On information and belief, the Accused Products include, but are not limited to: (1) a device

installed in or on agricultural equipment that records and transmits real-time farming data generated by the agricultural equipment ("CanPlug") and (2) a software platform that the user may access the recorded data using a mobile device, such as a tablet or laptop computer ("FarmCommand").  Defendants have been distributing the Accused Products to this District for the use of them in this district.

24.     On information and belief, the Accused Products incorporate the CanPlug.  On information and belief, the CanPlug includes a microprocessor, configured to connect to the message bus of agricultural equipment such as a farming vehicle or implement (for example, a harvester, or sprayer) via a bus connector.  On information and belief, CanPlug's attachment and connection with the agricultural equipment permits it to receive and record messages and other data generated by the agricultural equipment and sent to the CanPlug.

25.     On information and belief, the Accused Products incorporate the FarmCommand system, an integrated software-hardware system that records farming data relating to a farming operation.  On information and belief, the FarmCommand system includes the abovementioned CanPlug that records and transmits real-time data generated by the agricultural equipment during farming.  On information and belief, a user may access the recorded data through FarmCommand's software, using a mobile device, such as a tablet or laptop computer.  On information and belief, FarmCommand provides a user interface where the user may access many modules that allow the user to monitor and interact with the recorded farming data.

26.     On information and belief, the CanPlug records data including GPS coordinates of the agricultural equipment.  On information and belief, the CanPlug includes a memory configured to store information relating to a portion of farming land.  On information and belief, CanPlug stores an electronic farming record, which includes, but not limited to, descriptive

information about the farming operation land segment of the farm or farming business, an implement profile defining a known farming implement, a known manufacturer code, a known device class, a known version, and a known communication protocol, used by the agricultural equipment.

27.     On information and belief, CanPlug incorporates a software code that, when run by the microprocessor, is programmed to extract content from the messages and data collected while connected to the bus connector.  On information and belief, the collected data of the CanPlug includes a farming implement profile—information including the manufacturer code, which reveals the machine the used to perform the operation, such as a harvester, sprayer, or seeder.  On information and belief, the software program determines whether there is a match between the farming implement used to perform a farming operation (such as harvesting) and the known farming implement profile stored in the CanPlug or the FarmCommand.

28.     On information and belief, the CanPlug receives real-time progress data from the agricultural equipment during operation.  On information and belief, the CanPlug records the GPS and time data of the agricultural equipment, determines the operating state and other parameters of the agricultural equipment during operation.  On information and belief, the CanPlug also records a "travel path" taken by the agricultural equipment during the operation. On information and belief, the travel path is portions of a field or row units that have received farming operation inputs such as fertilizer, seed, or chemicals, or extracted outputs such harvesting.

### Defendants' Knowledge of the Patents-in-Suit and Infringement

29.     Farmobile and Farmers Edge is currently in a lawsuit in Canada (Court File No. T-449-17), where Farmobile asserted Canadian Patent No. 2,888,742 (the "'742 Patent").  *See*

Ex. Q, *Farmobile LLC and Farmers Edge Inc.*, Court File No. T-449-17, Thrice Further

Amended Fresh as Amended Statement of Defence and Counterclaim (Aug. 18, 2021) at 1.

Upon information and belief, Farmers Edge has been well aware of the Patents-in-Suit as the

'742 Patent and the Patents-in-Suit stem from the same Patent Cooperation Treaty (PCT)

application, PCT/US2014/056818.  Upon information and belief, Farmers Edge have

continuously followed, monitored, and reviewed the Patents-in-Suit, including each continuation,

provisional, non-provisional, or any other applications and publications stemming from the

PCT/US2014/056818.  Thus, Farmers Edge have had information of the Patents-in-Suit for each

patent from the date of issuance and that Farmers Edge infringe one or more of the claims of the

Patents-in-Suit.

30.     Despite being aware of their infringement of the Patents-in-Suit, Defendants have

continued to make, use, sell, offer for sale, and import into the United States the Accused

Products.  Defendants' making, using, selling/leasing, offering to sell/lease, and importing of the

Accused Products into the United States constitute direct infringement under 35 U.S.C. § 271(a).

On information and belief, Defendants also directly infringe one or more method claims of the

Patents-in-Suit by testing, repairing, servicing, or using the Accused Products in the United

States.

31.     Despite being aware of their infringement of the Patents-in-Suit, Defendants have

remained willfully blind to the risk of infringement by their customers, partners, dealers,

representatives, and agents, despite believing there to be a high probability of infringement due

to their instructions and inducement, in violation of 35 U.S.C. § 271(b).

32.     Despite being aware of their infringement of the Patents-in-Suit, Defendants have

continued to advertise the infringing features, promote and educate about the infringing products

on various websites, social media platforms, at trade shows, distribute the Accused Products, offer technical assistance, publish user manuals or instructions describing the use of the infringing features, provide literature featuring the Accused Products to customers, dealers, and partners, and advise them to use the Accused Products in a manner that directly infringes the Patents-in-Suit, in violation of 35 U.S.C. § 271(b).  For examples, Farmers Edge provides a user of an infringing FarmCommand with the instructions provided by Defendants directly infringes one or more claims of the Patents-in-Suit as a result of active inducement by Defendants.  Ex. R (Farmers Edge Reference Guide).  Defendants provide instructions through, for example, user manuals, reference guides, how to videos, or on-call support staff with the instructions directly infringes one or more claims of the Patents-in-Suit as a result of active inducement by Defendants.  *Id.*

33.     Despite being aware of their infringement of the Patents-in-Suit, Defendants have continued to make, use, sell, offer for sale, and import into the United States the Accused Products with knowledge that these parts are a material part of the inventions claimed by the Patents-in-Suit and are especially made or adapted for use in an infringement of the Patents-in-Suit.  On information and belief, Defendants know that the Accused Products are not staple articles or commodities of commerce suitable for substantial non-infringing use.  Defendants' actions therefore contribute to the direct infringement of the Patents-in-Suit by others, including customers of the accused vehicles incorporating the Accused Products, in violation of 35 U.S.C. § 271(c).

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 11,126,937)

34.     Farmobile re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

35.     The '937 Patent, titled "Farming data collection and exchange system," was duly and legally issued on September 21, 2021.  A true and correct copy of the '937 Patent is attached as Exhibit A.

36.     The '937 Patent names Jason G. Tatge, Heath Garret Gerlock, and Randall Thomas Nuss as co-inventors.

37.     The '937 Patent has been in full force and effect since its issuance.  Farmobile owns by assignment the entire right, title, and interest in and to the '937 Patent, including the exclusive right to seek damages for past, current, and future infringement thereof.

38.     On information and belief, Farmers Edge's CanPlug uses the set of operating events/states, the travel path, and the descriptive information stored in its memory to determine that a farming operation occurred on the farmable portions of the farmland, and records the farming operation and descriptive information for the farming operation land segment in the electronic farming record.  On information and belief, Farmers Edge's descriptive information for the farming operation land segment includes, but not limited to, latitude coordinates and longitude coordinates for the farming operation land segment.  On information and belief, Farmers Edge's also differentiate between different operation types (such as spraying or harvesting) using the operating events and GPS and time data.

39.     On information and belief, the CanPlug also determines the farming operating events by monitoring messages transmitted over the message bus.  On information and belief, Farmers Edge's CanPlug uses a known communication protocol to identify a set of operating parameters used by the farming implement during the farming operation and the operating events

and also uses the position and time signals to determine the set of operating events while the farming implement performs the operation.

40.     On information and belief, the CanPlug determines a travel path for the farming operation.  On information and belief, a travel path is the areas of land or row units where the farming vehicle and farming implement traveled while the farming implement was not in a deactivated state.  On information and belief, the travel path includes no areas of land where the farming vehicle and the farming implement either (i) did not travel during operation, or (ii) traveled while the farming implement was in the deactivated state.

41.     On information and belief, the CanPlug transmits the electronic farming record to Defendant's server system and updates an electronic farming record to include a travel path description, including GPS information such as latitude and longitude coordinates.

42.     On information and belief, Defendants infringe at least claims 1, 3-4, 9-11, 13, and 17-19 of the '937 Patent.  Defendants have been, and currently are, directly infringing the '937 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling/leasing, offering to sell/lease, or importing into the United States the Accused Products.

43.     On information and belief, Defendants have been, and currently are, inducing infringement of the '937 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell, or offer to sell the Accused Products in the United States, or to import the Accused Products into the United States, without license or authority from Farmobile, with knowledge of or willful blindness to the fact that their actions will induce others, including, but not limited to, their customers, partners, or end users, to directly infringe the '937 Patent. Defendants induce others to infringe the '937 Patent by encouraging and facilitating others to

perform actions that they know to be acts of infringement of the '937 Patent with specific intent that those performing the acts infringe the '937 Patent.

44.     On information and belief, Defendants have been, and currently are, contributorily infringing the '937 Patent, in violation of 35 U.S.C. § 271(c), by selling/leasing or offering to sell/lease, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '937 Patent, are known by Defendants to be especially made or especially adapted for use in infringement of the '937 Patent, and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products.  Defendants' actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Products, in violation of 35 U.S.C. § 271(c).

45.     As a result of Defendants' infringement of the '937 Patent, Farmobile has been damaged.  Farmobile is entitled to recover for damages sustained as a result of Defendants' wrongful acts in an amount to be determined.

46.     In addition, Defendants' infringing acts have caused and are causing immediate and irreparable harm to Farmobile.

47.     On information and belief, Defendants have had actual knowledge of their infringement of the '937 Patent since no later than September 21, 2021.  On information and belief, Defendants' infringement of the '937 Patent has been and continues to be deliberate and willful, and thus this is an exceptional case warranting an award of treble damages and attorney's fees to Farmobile under 35 U.S.C. §§ 284–285.

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 11,151,485)

48.     Farmobile re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

49.     The '485 Patent, titled "Farming data collection and exchange system," was duly and legally issued on October 19, 2021.  A true and correct copy of the '485 Patent is attached as Exhibit B.

50.     The '485 Patent names Jason G. Tatge, Heath Garret Gerlock, and Randall Thomas Nuss as co-inventors.

51.     The '485 Patent has been in full force and effect since its issuance.  Farmobile owns by assignment the entire right, title, and interest in and to the '485 Patent, including the exclusive right to seek damages for past, current, and future infringement thereof.

52.     On information and belief, Farmers Edge's CanPlug contains a memory storage area that includes a buffer for receiving and storing message data carried on the message bus.  On information and belief, Farmers Edge's CanPlug also contains a memory storage area that enables to defined filter set for the message data.

53.     On information and belief, the CanPlug determines a travel path for the farming operation.  On information and belief, a travel path is the areas of land or row units where the farming vehicle and farming implement traveled while the farming implement was not in a deactivated state.  On information and belief, the travel path includes no areas of land where the farming vehicle and the farming implement either (i) did not travel during operation, or (ii) traveled while the farming implement was in the deactivated state.

54.     On information and belief, Defendants infringe at least claims 1-5, 7, and 10 of the '485 Patent.  Defendants have been, and currently are, directly infringing the '485 Patent in

- 20 -

violation of 35 U.S.C. § 271(a) by making, using, selling/leasing, offering to sell/lease, or importing into the United States the Accused Products.

55.     On information and belief, Defendants have been, and currently are, inducing infringement of the '485 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell, or offer to sell the Accused Products in the United States, or to import the Accused Products into the United States, without license or authority from Farmobile, with knowledge of or willful blindness to the fact that their actions will induce others, including, but not limited to, their customers, partners, or end users, to directly infringe the '485 Patent. Defendants induce others to infringe the '485 Patent by encouraging and facilitating others to perform actions that they know to be acts of infringement of the '485 Patent with specific intent that those performing the acts infringe the '485 Patent.

56.     On information and belief, Defendants have been, and currently are, contributorily infringing the '485 Patent, in violation of 35 U.S.C. § 271(c), by selling/leasing or offering to sell/lease, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '485 Patent, are known by Defendants to be especially made or especially adapted for use in infringement of the '485 Patent, and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products.  Defendants' actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Products, in violation of 35 U.S.C. § 271(c).

57.     As a result of Defendants' infringement of the '485 Patent, Farmobile has been damaged.  Farmobile is entitled to recover for damages sustained as a result of Defendants' wrongful acts in an amount to be determined.

58.     In addition, Defendants' infringing acts have caused and are causing immediate and irreparable harm to Farmobile.

59.     On information and belief, Defendants have had actual knowledge of their infringement of the '485 Patent since no later than October 19, 2021.  On information and belief, Defendants' infringement of the '485 Patent has been and continues to be deliberate and willful, and thus this is an exceptional case warranting an award of treble damages and attorney's fees to Farmobile under 35 U.S.C. §§ 284–285.

### THIRD CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 10,963,825)

60.     Farmobile re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

61.     The '825 Patent, titled "Farming data collection and exchange system," was duly and legally issued on March 30, 2021.  A true and correct copy of the '825 Patent is attached as Exhibit C.

62.     The '825 Patent names Jason G. Tatge, Heath Garret Gerlock, and Randall Thomas Nuss as co-inventors.

63.     The '825 Patent has been in full force and effect since its issuance.  Farmobile owns by assignment the entire right, title, and interest in and to the '825 Patent, including the exclusive right to seek damages for past, current, and future infringement thereof.

64.     On information and belief, Farmers Edge's CanPlug sends data to a server system maintained, managed, and controlled by the Defendant in an alterative arrangement.

65.     On information and belief, the CanPlug records information relating to the portions of the field where fertilizer, seed, or chemicals are applied.  On information and belief,

the CanPlug displays a map illustrating portions of a field where elements such as fertilizer, seed, or chemicals have been applied and those portions that have not.  On information and belief, the CanPlug records a path taken by the agricultural equipment during the farming operation that corresponds to portions of a field where elements such as fertilizer, seed, or chemicals have been applied.  On information and belief, FarmCommand system renders a map of the farming operation on a user device, such as a tablet.

66.     On information and belief, the CanPlug device is also configured to send data recorded during the farming operation to a cloud-based system using wireless technology.  On information and belief, one or more servers operated by or on behalf of the Defendants are then used to process the data to generate a map and a report (if a report is requested) of the above mentioned path and displayed on a graphical user interface on a user's electronic device.

67.     On information and belief, the FarmCommand system includes one or more servers hosting software components in the cloud that store a user account, an electronic farming record, descriptive information about a farming operation land segment, and implement profiles. On information and belief, these software components include the FarmCommand web app and FarmCommand mobile app, PAM, and Vanessa.

68.     On information and belief, the FarmCommand system includes a network interface that receives message data collected by the CanPlug relay device connected to a farming implement, such as a harvester performing a farming operation such as harvesting.  On information and belief, the Microprocessors in the servers of the FarmCommand system run computer programs such as Vanessa, cabappservice, and PAM that automatically extract content from message data and use such content to determine whether there is a match between the farming implement and a known farming implement of the implement profile.  On information

and belief, the CanPlug also uses the set of operating events/states, the travel path and the descriptive information stored in its memory to determine that a farming operation occurred on the farming operation land segment, and records the farming operation and descriptive information for the farming operation land segment in the electronic farming record.  On information and belief, the descriptive information for the farming operation land segment includes latitude coordinates and longitude coordinates for the farming operation land segment and the CanPlug.  On information and belief, the CanPlug can also differentiate between different operation types (such as spraying or harvesting) using the operating events, position data, and time data.

69.     On information and belief, the FarmCommand system uses the extracted content, other data including position and time data of the farming implement, and a known communication protocol defined by an implement profile to determine a set of operating events and a travel path for the farming operation.  On information and belief, the travel path created by the FarmCommand system includes only the land where the farming implement travelled while performing the farming operation (also called "active" mode rather than "inactive" mode).

70.     On information and belief, the FarmCommand system uses the operating events, the travel path, and the descriptive information from the farming operation land segment to determine whether the farming operation occurred on the farming operation land segment.  On information and belief, FarmCommand system's farming operation information is stored in the electronic farm record within the PAM database and Elasticsearch.

71.     On information and belief, FarmCommand system's farming operation land segments includes but not limited to, a farm number, field number, ownership status, surface area measurement, latitude, longitude, and boundary and the FarmCommand system.

- 24 -

72.     On information and belief, Defendants and the Accused Products infringe at least claims 1, 7-8, and 12-18 of the '825 Patent.  Defendants have been, and currently are, directly infringing the '825 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling/leasing, offering to sell/lease, or importing into the United States the Accused Products.

73.     On information and belief, Defendants have been, and currently are, inducing infringement of the '825 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell, or offer to sell the Accused Products in the United States, or to import the Accused Products into the United States, without license or authority from Farmobile, with knowledge of or willful blindness to the fact that their actions will induce others, including, but not limited to, their customers, partners, or end users, to directly infringe the '825 Patent. Defendants induce others to infringe the '825 Patent by encouraging and facilitating others to perform actions that they know to be acts of infringement of the '825 Patent with specific intent that those performing the acts infringe the '825 Patent.

74.     On information and belief, Defendants have been, and currently are, contributorily infringing the '825 Patent, in violation of 35 U.S.C. § 271(c), by selling/leasing or offering to sell/lease, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '825 Patent, are known by Defendants to be especially made or especially adapted for use in infringement of the '825 Patent, and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products.  Defendants' actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Products, in violation of 35 U.S.C. § 271(c).

75.     As a result of Defendants' infringement of the '825 Patent, Farmobile has been damaged.  Farmobile is entitled to recover for damages sustained as a result of Defendants' wrongful acts in an amount to be determined.

76.     In addition, Defendants' infringing acts have caused and are causing immediate and irreparable harm to Farmobile.

77.     On information and belief, Defendants have had actual knowledge of their infringement of the '825 Patent since no later than March 30, 2021.  On information and belief, Defendants' infringement of the '825 Patent has been and continues to be deliberate and willful, and thus this is an exceptional case warranting an award of treble damages and attorney's fees to Farmobile under 35 U.S.C. §§ 284–285.

<u>**FOURTH CLAIM FOR RELIEF**</u>

**(Infringement of U.S. Patent No. 11,107,017)**

78.     Farmobile re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

79.     The '017 Patent, titled "Farming data collection and exchange system," was duly and legally issued on August 31, 2021.  A true and correct copy of the '017 Patent is attached as Exhibit D.

80.     The '017 Patent names Jason G. Tatge, Heath Garret Gerlock, and Randall Thomas Nuss as co-inventors.

81.     The '017 Patent has been in full force and effect since its issuance.  Farmobile owns by assignment the entire right, title, and interest in and to the '485 Patent, including the exclusive right to seek damages for past, current, and future infringement thereof.

82.    On information and belief, Farmers Edge's CanPlug contains a memory storage area that stores information including but not limited to: a user account, an electronic farming record for a farming business, a defined filtering set for message data, descriptive information about a farming operation land segment associated with the farming business, and a plurality of implement profiles each defining, for a known farming implement, a known manufacturer code, a known device class, a known version and a known communication protocol.

83.    On information and belief, the CanPlug determines a travel path for the farming operation.  On information and belief, a travel path is the areas of land or row units where the farming vehicle and farming implement traveled while the farming implement was not in a deactivated state.  On information and belief, the travel path includes no areas of land where the farming vehicle and the farming implement either (i) did not travel during operation, or (ii) traveled while the farming implement was in the deactivated state.

84.    On information and belief, Defendants infringe at least claims 1-2, 4, and 7- 10 of the '017 Patent.  Defendants have been, and currently are, directly infringing the '017 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling/leasing, offering to sell/lease, or importing into the United States the Accused Products.

85.    On information and belief, Defendants have been, and currently are, inducing infringement of the '017 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell, or offer to sell the Accused Products in the United States, or to import the Accused Products into the United States, without license or authority from Farmobile, with knowledge of or willful blindness to the fact that their actions will induce others, including, but not limited to, their customers, partners, or end users, to directly infringe the '017 Patent. Defendants induce others to infringe the '017 Patent by encouraging and facilitating others to

perform actions that they know to be acts of infringement of the '017 Patent with specific intent that those performing the acts infringe the '017 Patent.

86.     On information and belief, Defendants have been, and currently are, contributorily infringing the '017 Patent, in violation of 35 U.S.C. § 271(c), by selling/leasing or offering to sell/lease, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '017 Patent, are known by Defendants to be especially made or especially adapted for use in infringement of the '017 Patent, and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products.  Defendants' actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Products, in violation of 35 U.S.C. § 271(c).

87.     As a result of Defendants' infringement of the '017 Patent, Farmobile has been damaged.  Farmobile is entitled to recover for damages sustained as a result of Defendants' wrongful acts in an amount to be determined.

88.     In addition, Defendants' infringing acts have caused and are causing immediate and irreparable harm to Farmobile.

89.     On information and belief, Defendants have had actual knowledge of their infringement of the '017 Patent since no later than August 31, 2021.  On information and belief, Defendants' infringement of the '017 Patent has been and continues to be deliberate and willful, and thus this is an exceptional case warranting an award of treble damages and attorney's fees to Farmobile under 35 U.S.C. §§ 284–285.

## FIFTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 11,164,116)

90.     Farmobile re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

91.     The '116 Patent, titled "Farming data collection and exchange system," was duly and legally issued on November 2, 2021.  A true and correct copy of the '116 Patent is attached as Exhibit E.

92.     The '116 Patent names Jason G. Tatge, Heath Garret Gerlock, and Randall Thomas Nuss as co-inventors.

93.     The '116 Patent has been in full force and effect since its issuance.  Farmobile owns by assignment the entire right, title, and interest in and to the ''116 Patent, including the exclusive right to seek damages for past, current, and future infringement thereof.

94.     On information and belief, Farmers Edge's CanPlug device is also configured to send data recorded during the farming operation to a cloud-based system, using wireless transmitting means.  One or more servers operated by or on behalf of the Defendant are then used to process the data to generate a map and a report (if a report is requested) of the above-mentioned path, for display on a graphical user interface on a user's electronic device.

95.     On information and belief, Farmers Edge's FarmCommand system consists of components named Vanessa, PAM, the FarmCommand web app, the FarmCommand mobile app, Patricia, and Elvyra.  On information and belief, these FarmCommand components include a farm traffic controller that receives messages (geo-location data, time data, and electronic control unit messages) produced by the CanPlug relay device and the farming implement generated.  On information and belief, Farmers Edge's FarmCommand web app, FarmCommand mobile app, Vanessa, PAM, Patricia, or Elvyra determine the farming operation land segment based on the implement profile, the geo-location data from the GPS, the time data, and the

- 29 -

electronic control unit messages to create an entry in the electronic farming record. On information and belief, this electronic farming record includes an identifier for the farm and a description of the farming operation land segments. On information and belief, the FarmCommand system parameter extraction program also determines a travel path for the farming operation and an operation type.

96.     On information and belief, Defendants and the Accused Products infringe at least claims 1-2 and 4-7 of the '116 Patent. Defendants have been, and currently are, directly infringing the '116 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling/leasing, offering to sell/lease, or importing into the United States the Accused Products.

97.     On information and belief, Defendants have been, and currently are, inducing infringement of the '116 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell, or offer to sell the Accused Products in the United States, or to import the Accused Products into the United States, without license or authority from Farmobile, with knowledge of or willful blindness to the fact that their actions will induce others, including, but not limited to, their customers, partners, or end users, to directly infringe the '116 Patent. Defendants induce others to infringe the '116 Patent by encouraging and facilitating others to perform actions that they know to be acts of infringement of the '116 Patent with specific intent that those performing the acts infringe the '116 Patent.

98.     On information and belief, Defendants have been, and currently are, contributorily infringing the '116 Patent, in violation of 35 U.S.C. § 271(c), by selling/leasing or offering to sell/lease, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '116 Patent, are known by Defendants to be especially made or especially adapted for use in infringement of the '116 Patent, and are

not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products.  Defendants' actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Products, in violation of 35 U.S.C. § 271(c).

99.    As a result of Defendants' infringement of the '116 Patent, Farmobile has been damaged.  Farmobile is entitled to recover for damages sustained as a result of Defendants' wrongful acts in an amount to be determined.

100.    In addition, Defendants' infringing acts have caused and are causing immediate and irreparable harm to Farmobile.

101.    On information and belief, Defendants have had actual knowledge of their infringement of the '116 Patent since no later than November 2, 2021.  On information and belief, Defendants' infringement of the '116 Patent has been and continues to be deliberate and willful, and thus this is an exceptional case warranting an award of treble damages and attorney's fees to Farmobile under 35 U.S.C. §§ 284–285.

## PRAYER FOR RELIEF

Farmobile prays for judgment against the Defendants as follows:

A.    That Defendants have infringed, and continue to infringe, each of the Patents-in-Suit;

B.    That Defendants pay Farmobile damages adequate to compensate Farmobile for their infringement of the Patents-in-Suit, together with interest and costs under 35 U.S.C. § 284;

C.    That Defendants be ordered to pay pre-judgment and post-judgment interest on the damages assessed;

- 31 -

D.      That Defendants be ordered to pay supplemental damages to Farmobile, including interest, with an accounting, as needed;

E.      That Defendants' infringement is willful and that the damages awarded to Farmobile should be trebled;

F.      That this is an exceptional case under 35 U.S.C. § 285 and that Defendants pay Farmobile's attorney's fees and costs in this action;

G.      That the Court grant such equitable relief, including an injunction, as it deems proper for the acts of infringing the Patents-in-Suit; and

H.      That Farmobile awarded such other and further relief, including other monetary and equitable relief, as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38(b), Farmobile demands a trial by jury on all issues triable by jury.

DATED: November 3, 2021          Respectfully submitted,

                              */s/ Melissa R. Smith*
                            Melissa R. Smith (TX State Bar No. 24001351)
                            GILLAM & SMITH, LLP
                            303 S. Washington Ave.
                            Marshall, TX 75670
                            Telephone:  (903) 934-8450
                            Facsimile:  (903) 934-9257
                            Email:  Melissa@gillamsmithlaw.com

                            Morgan Chu
                            (*pro hac vice* to be filed)
                            mchu@irell.com
                            Jonathan S. Kagan
                            (*pro hac vice* to be filed)
                            jkagan@irell.com
                            **IRELL & MANELLA LLP**
                            1800 Ave of the Stars, Suite 900
                            Los Angeles, CA 90064
                            Telephone: (310) 203-7096
                            Facsimile: (310) 203-7199

                            Kelvin Han
                            (*pro hac vice* to be filed)
                            khan@irell.com
                            **IRELL & MANELLA LLP**
                            840 Newport Center Drive, Suite 400
                            Newport Beach, CA 92660
                            Telephone: (949) 760-0991
                            Facsimile:  (949) 760-5200

                            **ATTORNEYS FOR PLAINTIFF**
                            **FARMOBILE LLC**