IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FARMOBILE LLC,<br><br>               Plaintiff,<br><br>vs.<br><br>FARMERS EDGE INC., and FARMERS EDGE (US) INC.,<br><br>               Defendants. | **8:22CV275**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on defendants Farmers Edge Inc. and Farmers Edge (US) Inc.'s motion to dismiss a patent-infringement complaint for recitation of ineligible subject matter.  Filing No. 21.  Fact issues exceeding the scope of the pleadings mandate denial at this stage.

      Plaintiff and patent owner, Farmobile LLC, competes with defendants in the application of big data to farming and asserts five patents which disclose, among others, automated systems of sensors and computers installed on tractors and other farm implements to harvest real-time activity and location data to create a comprehensive almanac of what has been performed by what implement at every point on a farm.  This in turn enables useful data analysis ranging from crop yield predictions to tool maintenance.  *See generally* U.S. Pat. No. 11,126,937.

      Defendants contend the asserted patents recite no more than the attachment of generic sensors and computers to farm tools—an ineligible "abstract idea."  *See Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216, (2014).  To determine patent eligibility, a court must "determine whether the claims are directed to a 'patent-ineligible concept,' such as an abstract idea" and, if so, "consider the elements of each claim both individually and as

1

an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." *Customedia Techs. v. Dish Network*, 951 F.3d 1359, 1362 (Fed. Cir. 2020).

While ultimately a question of law amenable in appropriate circumstances to resolution on the pleadings, patentable subject matter often involves extrinsic questions of fact beyond the scope of the patent specification. *See Univ. Fla. Rsch. Found. v. G.E. Co.*, 916 F.3d 1363 (Fed. Cir. 2019); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). But such questions exceed the bounds of a Rule 12 motion. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012).

At the hearing on this motion, substantial discussion addressed the development of patentable subject matter since *Alice* in 2014 and its impact on the prosecution of the asserted patents. In particular, defense counsel reported that the Patent Office Examiner resolved a series of subject-matter objections before several relevant appellate decisions came down. Strictly, a court's invalidity analysis does not probe the Examiner's mind. *See Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1329 (Fed. Cir. 2004). But given the changing law, patent owner's arguments to the Examiner will likely prove illuminating here. These arguments, and the asserted patents' prosecution records, however, lie outside the pleadings.

Assuming the claims to be directed to an ineligible abstract idea, external fact questions also appear in the second step under *Alice*, asking whether the claims provide some transformative concept over the prior art. Patent owner contends that the claims use non-generic computers, sensors, and implements, because the invention improves the interoperability of various otherwise non-interoperable automated farm tools. Filing

No. 54 at 20. The specification, at least somewhat, bears out this assertion, *see*, '937 pat. 4:64–5:9, 12:46–59, and raises the question of the capability and interoperability of prior art farming devices. To be sure, this may not raise a question of fact sufficient to forestall summary judgment of invalidity. But it does prevent the invalidation of five, relatively recent patents on the pleadings.

As a final housekeeping point, the parties shall please submit to the Court a form of order suitable to convey that the Court does not object to the United States Patent & Trademark Office correcting patent owner's entity status. Filing No. 116.

THEREFORE, IT IS ORDERED THAT defendants' motion to dismiss challenging the eligibility of the asserted patents, Filing No. 21, is denied.

Dated this 12th day of December, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge