IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FARMOBILE LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>FARMERS EDGE INC., and FARMERS EDGE (US) INC.,<br><br>                Defendants. | **8:22CV275**<br><br>**AMENDED CASE MANAGEMENT SCHEDULING ORDER** |

The Court enters the following case management scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure:

1. All initial disclosures under FRCP 26 shall be complete within **14 days** of this order.

2. Leave to add any new parties or to amend the pleadings must be sought by **February 24, 2023**.

3. Plaintiffs shall pick **no more than 16 asserted claims** to proceed with by **August 17, 2023**.

4. Non-expert discovery shall close **October 27, 2023**.

5. Discovery disputes shall be raised by **September 12, 2023**, to ensure adequate time for resolution.

6. Plaintiffs shall choose **no more than 8 asserted claims** to try to the jury by **December 1, 2023**.

7. The last day to file dispositive motions and Daubert motions is **January 12, 2024**.

1

8. A proposed pre-trial order is due **February 23, 2024**.

9. A final pre-trial conference to the trial judge is set for **March 8, 2024, at 9:00am.**

10. A jury trial is set for **May 6, 2024**, in Courtroom 3, 3rd Floor, 111 South 18th Plaza, Omaha, NE 68102.

11. The interim discovery and disclosure deadlines are as follows:

   a. By **April 1, 2023**, Farmobile shall serve infringement contentions detailing, for each asserted claim and for each specific accused product:

   i. Where and how each limitation of each asserted claim is found in the accused product, including elaboration of any means-plus-function claims;

   ii. The theory of infringement, whether direct or indirect, literal or under the doctrine of equivalents, etc.;

   iii. The priority date of the claim;

   iv. The specific products Farmobile intends to introduce as practicing the invention, along with a similarly detailed chart;

   v. The start and end dates of infringement and damages; and

   vi. The specific bases for allegations of willfulness.

   b. By **May 8, 2023**, Farmer's Edge shall serve invalidity contentions, detailing for each asserted claim and for each piece of prior art (along with a copy of the reference and detail sufficient to establish it as prior art at trial):

      i. Whether the piece of art anticipates the claim or renders it obvious (and if so, the combination of references);

      ii. Where and how each claim element is found in the prior art; and

      iii. Any other ground for invalidity of the asserted claim.

c. By **June 27, 2023**, Farmobile shall serve its damages contentions, detailing its theories of recovery, factual support, and computations for each.

d. By **July 28, 2023**, Farmer's Edge shall serve its detailed responsive damages contentions.

e. By **May 22, 2023**, the parties shall exchange a list of claim terms to construe and promptly meet and confer to narrow the list to no more than **10 terms**.

f. By **June 12, 2023**, the parties shall exchange proposed constructions, including detailed means-plus-function constructions, and the list of all references supporting the proposed construction.

g. By **July 5, 2023**, the parties shall file a joint statement delineating the (no more than) 10 proposed constructions, supporting references, necessary witness testimony, and factual findings requested of the Court.

h. By **August 3, 2023**, the parties shall complete claim construction discovery.

i. By **August 17, 2023**, (the same date plaintiffs shall pick **no more than 16 claims** to proceed with) the parties shall file claim construction

3

      opening briefs, followed by responsive briefs within 14 days, and replies within 7 more.

    j. If needed, a claim construction hearing will be held **September 21, 2023**, though the Court in its judgment may wait to construe the terms until the context of summary judgment or trial.

12. Unless otherwise noted, competing disclosures need not be filed on the docket; service on the other party will suffice.

13. Given the Court may not construe claim terms before summary judgment, each party must move promptly upon receipt of the other's proposed constructions to disclose any back-up contentions it may wish (or eventually wish) to make for its infringement or invalidity case in the event the other side's claim construction is thereafter adopted or else any such back-up contentions will be deemed waived. For further explanation, see Fluidigm Corp. v. IONpath, Inc., 2020 WL 5073938 (N.D. Cal. Aug. 25, 2020).

14. The deadline for producing opinions of counsel shall be **28 calendar days** before the non-expert discovery cut-off.

15. Subject to the exception in the next paragraph, the last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall be **October 27, 2023**. Within **14 calendar days**, all other parties must disclose any expert reports on the same issue ("opposition reports"). Within **7 calendar days** thereafter, the party with the burden of proof must disclose any reply reports rebutting specific material in opposition reports.

16. If the party with the burden of proof neglects timely disclosure, the other side, if it wishes to put in expert evidence on the same issue, must still disclose its expert report within the fourteen-day period. In that event, the party with the burden of proof on the issue may then file a reply expert report within the 7-day period, subject to possible exclusion for "sandbagging" and, in any event, may not present such reply material at trial until after the other side presents expert testimony, if at all, to which the reply material responds.

17. The cutoff for all expert discovery shall be **14 calendar days** after the deadline for reply reports. In aid of preparing an opposition or reply report, a responding party may depose the adverse expert sufficiently before the deadline for the opposition or reply report so as to use the testimony in preparing the response. Experts must make themselves readily available for such depositions. Alternatively, the responding party can elect to depose the expert later in the expert-discovery period. An expert, however, may be deposed **only once** unless the expert is used for different opening and/or opposition reports, in which case the expert may be deposed independently on the subject matter of each report.

18. At least **28 calendar days** before the due date for opening reports, each party shall serve a list of issues on which it will offer any expert testimony in its case-in-chief (including from non-retained experts). Failure to so disclose may result in preclusion.

19. As to damages studies, the cut-off date for past damages will be as of the expert report (or such earlier date as the expert may select). In addition, the experts may try to project future damages (i.e., after the cut-off date) if the substantive standards for

5

future damages can be met. With timely leave of Court or by written stipulation, the experts may update their reports (with supplemental reports) to a date closer to the time of trial.

20. In general, motions shall be limited to 25 pages for opening, 25 for responses, and 15 pages for reply briefs, each 12-point font, double spaced, and with only occasional footnotes. Oppositions shall be due no later than 14 days after the filing of the motion and replies no later than 21 days.

21. Each party shall be entitled to **one** summary judgment motion, subject to the exception below.

   a. Opening and responsive briefs, due no more than 21 days later, shall be limited to 25 pages of briefing and 120 pages of declarations and exhibits (not counting the patents). Replies, due no more than 14 days after oppositions, shall be limited to 15 pages of briefing and 20 pages of declarations and exhibits. Judicially noticed material will count as an exhibit, but counsel may rely on exhibits and declarations already filed on the same motion by the other side without counting them against counsel's limit.

   b. The parties shall limit their statement of the facts within the briefing to a concise narrative statement.

22. Timely notice of the grounds should accompany any early motion for summary judgment. The opposing party's diligence, and the movant's cooperation, will inform any application to postpone summary judgment under FRCP 56(d).

23. If an early summary judgment motion is largely granted and time remains before the deadline for dispositive motions, the prevailing party may seek permission to file yet another in a 3-page precis. Any opposition, also limited to 3 pages, must be filed within 3 court days.

24. All motions in limine shall be attached to the proposed pre-trial order. Each side will be limited to 5 in limine requests, each supported by no more than 3 pages of argument each and opposed by no more than 3 pages of argument. No reply briefing please.

25. The Court will be inclined to limit the trial to five days, not including voir dire.

26. Unless otherwise stated, the parties may not amend these dates without the Court's approval. Amendment of contentions will be permitted only upon a timely showing of good cause.

27. The case remains referred to Magistrate Judge Susan M. Bazis for all nondispositive matters, except for claim construction, Daubert motions, the pretrial conference and pretrial motions in limine. Magistrate Judge Bazis shall likewise oversee all discovery matters and other pre-trial matters.

SO ORDERED.

Dated this 22nd day of March, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge