IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AGI SURETRACK LLC,

        Plaintiff,

vs.

FARMERS EDGE INC., and FARMERS EDGE (US) INC.,

        Defendants.

8:22CV275

ORDER

This matter is before the Court on Plaintiff's Motion to Compel. (Filing No. 231.) For the reasons explained below, the motion will be granted.

## DISCUSSION

Plaintiff filed this action on November 3, 2021, alleging Defendants were infringing upon multiple patents. (Filing No. 1.) Defendants asserted a counterclaim and affirmative defenses that the patents at issue are unenforceable. Plaintiff now seeks an order compelling Defendants to produce: (1) Unredacted copies of certain documents and withheld documents; (2) Documents regarding Defendants' investors; (2) Narrative information and documents regarding the implementation of material code updates; and (4) Financial information detailing revenues.[1] Defendants maintain the information sought is irrelevant and/or not proportionate to the needs of the case.

---

[1] The parties have resolved their dispute as to Plaintiff's request that Defendants be compelled to produce metadata. (Filing No. 243.)

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevancy is broadly construed, and "[d]iscovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action." Met-Pro Corp. v. Industrial Air Technology, Corp., No. 8:07CV262, 2009 WL 553017, at *3 (D. Neb. Mar. 4, 2009). As explained below, the Court believes the requested discovery is relevant and proportionate to the needs of the case. Accordingly, the Court will direct that Defendants provide responses.

1. **Unredacted copies of certain documents and withheld documents**

Defendants produced documents with pages redacted for containing "Third-Party Confidential" information. (Filing No. 232-2.) Defendants claim the redactions relate to Defendants' business discussions with two potential partners and that these discussions are not relevant to this suit because no business relationship between the parties was ever finalized. Defendants also argue they are prohibited from disclosing the information due to confidentiality agreements with the third parties and that it would be too burdensome to obtain the third parties' consent to disclosure.

Plaintiff argues the documents are relevant because Defendants' alleged efforts to profit from data collected using Plaintiff's patented technology is relevant to damages. Plaintiff claims Defendants' representations to potential partners may uncover Defendants' understanding of the value of the data.

As an initial matter, as this Court has previously stated, "[r]edaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request. Affiliated Foods Midwest Coop., Inc. v. SuperValu Inc., No. 8:16-CV-465, 2018 WL 6177074, at *6 (D. Neb. Nov. 27, 2017) (quotation omitted). And, in any event, the Court agrees with Plaintiff that the information sought is relevant to the issue of damages. There is a protective order in place which should address Defendant's concerns regarding confidentiality.

2

([Filing No. 52](#).) Therefore, Defendants shall produce unredacted copies of the documents with "Third-Party Confidential" redactions.

Plaintiff also requests that the Court compel the production of all responsive documents relating to the two third parties referred to in the redacted documents. Plaintiff also would like to take a limited deposition of Amit Pradhan, Defendants' Vice President of Strategy, and corporate deponent, regarding Defendants' interactions with these third parties. Because this information is relevant to the issue of damages, the Court will also grant this relief.

### 2. Documents regarding Defendants' investors

Plaintiff served Request for Production No. 16 upon Defendants seeking "All communications with, and documents provided to or received from, Fairfax Financial Holdings Limited or affiliates, including but not limited to all communications involving any litigation between [Plaintiff] (including as Farmobile) and [Defendants]." ([Filing No. 231-20](#).) Plaintiff believes this information will assist Plaintiff in proving its entitlement to damages, including with respect to a reasonable royalty.

In response, Defendants produced CEO and CFO reports to the Board of Directors (which included Fairfax representatives) from 2021 to the present. Plaintiff requested production of similar reports that predated 2021, and Defendants explained that before 2021, Farmers Edge was not a public company, and communications with Fairfax were made informally by employees who were no longer with the company. ([Filing No. 232-1](#).) Defendants claimed the burden of collecting, reviewing, and producing the emails of the departed employees was not proportional to the needs of the case. ([Filing No. 232-1](#).)

Plaintiff also served Request for Production 15 seeking "All communications with, and documents provided to or received from, actual or potential investors in connection with [Defendants'] IPO, including but not limited to National Bank Financial Inc., Canaccord Genuity Corp., CIBC World Markets Inc., Raymond James Ltd., Scotia Capital Inc., and any affiliates. ([Filing No. 231-20](#).) Defendants similarly refused to provide responsive documents, asserting Defendants' employees who had communications with actual or potential investors during the IPO are no longer with the company, and the burden of collecting, reviewing, and producing the emails of departed employees was not proportional to the needs of the case. ([Filing No. 232-1](#).)

The Court agrees with Plaintiff that the information sought through these document production requests is relevant to damages and the question of what constitutes a reasonable royalty. This discovery could shed light on the value Defendants and their investors place on the technology and data at issue. The Court further agrees with Plaintiff that Defendants cannot use the departure of employees as an excuse to shield themselves from discovery. Defendants maintain production of the documents would be burdensome, but Defendants have not explained why. It seems to the Court these documents would have been subject to a litigation hold and preserved. Therefore, if such documents exist, they must be produced.

Request for Production 40 seeks "Documents sufficient to determine the identity and ownership percentage of each investor in Farmers Edge." (Filing No. 231-22.) Again, the Court does not understand why it would be overly burdensome for Defendants to produce enough documents to allow Plaintiff to identify Defendants' investors and their ownership shares. For the reasons explained above, this information is relevant and must be produced.

### 3. Narrative information and documents regarding the implementation of its material code updates

Plaintiff's Interrogatory No. 1 requested that Defendants "Describe in detail all code updates to the FarmCommand and/or CanPlug systems from May 2018 through March 23, 2023 which Farmers Edge contends is material to infringement/non-infringement of the Asserted Patents." (Filing No. 231-23.) In response to this Interrogatory, Defendants described a series of code updates and when they occurred. (Filing No. 231-23.)

Interrogatory No. 2, which is at issue in the current dispute, requests that "For each code update listed in response to Interrogatory No. 1, describe in detail the process by which the code update was implemented, including the start and completion dates of such updates, and identify the witness[es] most knowledgeable of the implementation of each code update." (Filing No. 231-23.) Although Defendants provided a response to Interrogatory No. 2, Plaintiff claims Defendants misunderstand what Plaintiff is requesting. Plaintiff maintains it seeks information about the actual *implementation* of the code updates to customers' devices and production servers, and not just the nature of the changes to the source code itself.

4

Request for Production No. 23 requests "All documents and communications concerning any code updates or revisions identified in response to [Plaintiff's] Interrogatory No. 1, including documents sufficient to show when and how the code updates were implemented." (Filing No. 231-20.) Defendants produced documents in response to this Request, but Plaintiff claims Defendant did not produce documents relating to the actual implementation of the code updates.

The Court finds the information sought regarding implementation of the code updates is relevant to the issues in this case. Therefore, Defendants shall provide a response to Interrogatory No. 2 that explains the implementation of the code updates and produce the remaining documents responsive to Request for Production No. 23.

### 4. Financial information detailing foreign revenue

Plaintiff's Request for Production No. 24 requests "Documents sufficient to show the revenue and profits of the Accused Products and related systems, broken out by country, month, and product/service, since May 2018. (Filing No. 231-20.) Defendants produced spreadsheets containing yearly revenue by product, but they are limited to the United States only, and are also limited to 2022 and part of 2023. Plaintiff requests that Defendants be compelled to produce similar spreadsheets for the United States for 2020 and 2021, and for all other countries for 2020 to the present.

Plaintiff claims it is seeking damages based on foreign sales. Therefore, documents containing information about foreign sales is relevant. Defendants have not indicated that they do not have the information, nor have they explained how providing this information would be burdensome. Unless already produced, Defendant shall provide the documents responsive to this request, including those pertaining to foreign revenue.

**IT IS ORDERED** that Plaintiff's Motion to Compel (Filing No. 231) is granted as set out above. Defendants shall provide the discovery responses by March 1, 2024. The parties shall confer regarding the scheduling of Amit Pradhan's deposition.

Dated this 20th day of February, 2024.

BY THE COURT:

s/ Susan M. Bazis  
United States Magistrate Judge