IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AGI SURETRACK LLC,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS EDGE INC., and FARMERS EDGE (US) INC.,<br><br>Defendants. | 8:22CV275<br><br>ORDER |

This matter is before the Court on Defendants' Motion to Issue Subpoena and Compel the Deposition of Joan Archer. (Filing No. 233.) For the reasons explained below, the motion will be granted.

### BACKGROUND

Plaintiff filed this action on November 3, 2021, alleging Defendants were infringing upon multiple patents. (Filing No. 1.) Defendants asserted several affirmative defenses, including prosecution laches and unenforceability due to inequitable conduct. Defendants alleged that certain individuals, including Plaintiff's predecessor's (Farmobile) patent attorney, Grady White ("Mr. White"), engaged in inequitable conduct during prosecution of applications leading to the asserted patents.

Defendants deposed Mr. White on November 14, 2023. Mr. White indicated that Joan Archer ("Dr. Archer") was involved in Farmobile's decisions and conversations regarding patent applications and prosecution. Dr. Archer was lead outside counsel for Farmobile in a prior Nebraska trade secret suit between the parties, and later Farmobile's in-house counsel. Dr. Archer

is Plaintiff's litigation counsel in this case. On October 3, 2023, Defendants served a notice of subpoena for the deposition of Dr. Archer. Plaintiff objected to the subpoena.

## DISCUSSION

Defendants claim they want to depose Dr. Archer as a fact witness related to her knowledge of Plaintiff's prosecution activities for the asserted patents. Defendants contend Dr. Archer played a role in Farmobile's decision during the prior trade secret case to abandon an application in the patent family at issue. Defendants maintain Dr. Archer also played a role in the decision to "resurrect" abandoned claims and prosecute patent applications that led to the asserted patents. Plaintiff objects to the proposed deposition. Plaintiff argues Defendants are not seeking information about the concluded trade secret action, but rather are seeking testimony implicating Plaintiff's litigation strategy in this case.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 "is to be construed broadly and encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Hodges v. Pfizer, Inc.*, Civ. No. 14-4855-ADM/TNL, 2016 WL 1222229, at *2 (D. Minn. March 28, 2016) (internal quotation omitted). Nevertheless, the scope of discovery is not unlimited.

"[F]ederal courts have disfavored the practice of taking the deposition of a party's attorney" and have made clear that "the practice should be employed only in limited circumstances." *Desert Orchid Partners, LLC v. Transaction System Architects, Inc.*, 237 F.R.D. 215, 218 (D. Neb. 2006) (quotation omitted). Under *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), to depose opposing counsel, the movant must show that: (1) no other means exist to obtain the information; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of this case. This Court has recognized, however, that "*Shelton* may not apply where the lawyer to be deposed solely acted as a business advisor to the party, rather than its counsel." *Benson v. City of Lincoln*, No. 4:18CV3127, 2022 WL 426563, at *7 (D. Neb. Feb. 11, 2022). Nevertheless, "where opposing in-house counsel has served as legal counsel regarding matters at issue in the pending litigation, *Shelton* properly applies." *Id*.

Defendants argue *Shelton* does not apply, and instead this Court should rely upon the Eighth Circuit's holding in *Pamida, Inc. v. E.S. Originals, Inc*., 281 F.3d 726, 729 (8th Cir. 2002). In *Pamida*, the plaintiff filed a lawsuit for indemnification seeking recovery of legal expenses it incurred to defend itself in a separate patent infringement case. The defendant sought to depose the plaintiff's attorneys, who had also represented the plaintiff in the patent infringement action. The *Pamida* court stated that *Shelton* did not apply to the concluded patent action, reasoning that *Shelton* "was not intended to provide heightened protection to attorneys who represented a client in a completed case and then also happened to represent that same client in a pending case where the information known only by the attorneys regarding the prior concluded case was crucial." *Id*.

The Court finds that Defendants are entitled to depose Dr. Archer in this case, regardless of whether *Shelton* or *Pamida* applies. Dr. Archer may possess non-privileged information relevant to the defenses asserted in this case, as evidenced by her previous trial testimony in related Canadian litigation between the parties. Also, there is no other means to obtain the information. Although Defendants were able to depose other individuals regarding the topics on which they seek to question Dr. Archer, those witnesses were unable to recall several matters. Dr. Archer likely possesses unique, non-privileged information relevant to Defendants' defenses and crucial to the preparation of Defendants' case. Therefore, the Court will allow the deposition to go forward. Defendants are advised, however, that the deposition is to be strictly limited to non-privileged, relevant information. As held in the Court's ruling on Defendants' Motion for Order to Issue Subpoena Duces Tecum to Non-Parties, Plaintiff did not waive attorney-client privilege through its limited privilege waiver in the trade secret case.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Issue Subpoena and Compel the Deposition of Joan Archer (Filing No. 233) is granted.

Dated this 20th day of February, 2024.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge