IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AGI SURETRACK LLC,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS EDGE INC., and FARMERS EDGE (US) INC.,<br><br>Defendants. | 8:22CV275<br><br>ORDER |

This matter is before the Court on Defendants' Motion for Protective Order. (Filing No. 217.) For the reasons explained below, the motion will be granted.

## BACKGROUND

Quinn McLean ("Mr. McLean") is a member of Defendants' Board of Directors and is employed by Hamblin Wasta Investment Counsel, which is a subsidiary of Fairfax Financial Holdings Limited ("Fairfax"). (Filing No. 219-1.) Fairfax is Defendants' largest shareholder. (Filing No. 219-1.) Fairfax, a non-party in this case, is a financial service holding company. (Filing No. 223-4.) Defendants do not intend to call Mr. McLean as a witness at trial. (Filing No. 219-2.) Plaintiff has not served a subpoena on Fairfax or on Mr. McLean. (Filing No. 219-2.) On September 22, 2023, Plaintiff served a deposition notice for Mr. McLean on Defendants. (Filing No. 219-2.) The deposition was noticed for October 27, 2023. (Filing No. 219-2.)

## DISCUSSION

Defendants seek a protective order precluding Plaintiff from deposing Mr. McLean. Defendants argue Mr. McLean is a high-level executive subject to the apex deposition doctrine. Defendants contend Mr. McLean does not have unique or special knowledge of the facts at issue in this case and any relevant knowledge Mr. McLean has can be obtained through less burdensome means. Alternatively, Defendants request that Mr. McLean's deposition be taken remotely, with a three-hour time limit, and restricted to the subject of Mr. McLean's personal knowledge as Defendants' director.

The apex deposition doctrine "requires a party seeking to depose a high-level corporate executive to demonstrate (1) that the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information have been exhausted." *Wetch v. Crum & Forster Commercial Ins.*, No. 5:17-CV-05033-JLV, 2019 WL 283654, at *2 (D.S.D. Jan. 22, 2019). This rule is "aimed to prevent the high level official deposition that is sought simply because he is the CEO or agency head—the top official, not because of any special knowledge of, or involvement in, the matter in dispute." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 126 (D. Md. 2009). However, "[a] motion seeking to prevent the taking of a deposition is regarded unfavorably by the courts, and it is difficult to persuade a court to do so." *Raml v. Creighton Univ.*, No. 8:08CV419, 2009 WL 3335929, at *2 (D. Neb. Oct. 15, 2009).

Plaintiff claims the relationship between Defendants and Fairfax will help explain how and why Fairfax is providing funding to Defendants, which is relevant to the determination of a reasonable royalty rate Plaintiff is owed due to Defendants' alleged infringement of the Asserted Patents. Plaintiff maintains Mr. McLean has personal knowledge of Defendants' communications with Fairfax from at least 2017, including personal knowledge of communications between Fairfax and Defendants' now-departed senior leadership.

Mr. McLean *may* have unique or special knowledge of matters at issue in this case. However, the Court is not convinced that this information cannot be obtained through less burdensome means, including through depositions of Defendants' other representatives. Defendants may also be able to produce documents that provide Plaintiff the information it seeks. Therefore, the Court will grant Defendants' Motion for Protective Order as it pertains to Mr.

McLean. However, the Court may reconsider this ruling in the event certain documents cannot be produced or if the produced documents uncover matters that require explanation through deposition testimony.

**IT IS ORDERED** that Defendants' Motion for Protective Order (Filing No. 217) is granted.

Dated this 20th day of February, 2024.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge