IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AGI SURETRACK LLC,

          Plaintiff,

vs.

FARMERS EDGE INC., and FARMERS EDGE (US) INC.,

          Defendants.

8:22CV275

ORDER

      This matter is before the Court on Defendants' Motion to Compel Relevant and Responsive Documents and Plaintiff's Privilege Log (Filing No. 239). For the reasons explained below, the motion will be granted, in part.

## DISCUSSION

      Defendants seek an order compelling Plaintiff to search for and produce responsive prosecution-related documents requested in discovery and to serve a privilege log describing documents withheld based on privilege. Defendants contend Plaintiff failed to serve a complete privilege log in this case, despite the parties' agreement to serve privilege logs by November 10, 2023. (Filing No. 241-1.) Defendants argue that rather than serving a new privilege log, Plaintiff only reformatted and re-served its privilege log from the prior Nebraska trade secret case. (Filing No. 241-5; Filing No. 241-6.) Defendants maintain that Plaintiff has not logged any documents dated after April 29, 2016, which is the date the complaint was filed in the prior trade secret case, and the agreed cutoff date for the privilege log in that case. (Filing No. 241-5; Filing No. 241-6.)

Defendants contend Plaintiff's failure to produce an updated privilege log raises concerns about whether Plaintiff has properly responded to discovery seeking prosecution-related documents, and whether Plaintiff has searched the ESI of the named inventors of the asserted patents for such responsive documents. Defendants claim that although the parties agreed not to log privileged documents created after the Complaint in this case was filed (November 3, 2021), documents responsive to their discovery requests would have been created by the named inventors in the years preceding the filing of this case, when the asserted patents were being prosecuted before the USPTO. Defendants assert that because Plaintiff has not produced any non-public documents related to the prosecution of the asserted patents, they expected to receive a privilege log describing the documents Plaintiff is withholding based on privilege, but they have not.

Plaintiff asserts it has not logged privileged communications dated before November 3, 2021 based on an agreement between the parties reached during the prior trade secret case. ([Filing No. 248-1](); [Filing No. 248-2]().) The discovery protocol agreed to by the parties in the prior trade secret case provided that "communications with or at the direction of outside counsel related to disputes in issue in this lawsuit or to matters not directly in issue in this lawsuit but related to the business of the parties do not need to be logged." ([Filing No. 248-2]().) Defendants' current lead litigation counsel was not involved in the trade secret case or the privilege log discussions in that case. ([Filing No. 248-1]().) Plaintiff argues Defendants' assertion that it has not produced all non-privileged, responsive documents is pure speculation. Plaintiff maintains it performed an extensive search for prosecution-related documents in response to Defendants' discovery requests, but Plaintiff only located privileged materials. ([Filing No. 248-1]().)

The Court finds that Plaintiff must update its privilege log to include privileged documents dated before November 3, 2021. Even if there was an agreement between the parties in the prior trade secret case that communications with litigation counsel need not be included on the parties' respective privilege logs, that agreement only applied in that case. There is no evidence that that parties intended for that agreement to apply to privilege logs exchanged in all other litigation. Plaintiff claims all responsive, withheld documents about prosecution-related activities are privileged. However, Defendants must be given the opportunity to assess Plaintiff's privilege claims by reviewing a privilege log.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Compel Relevant and Responsive Documents and Plaintiff's Privilege Log (Filing No. 239) is granted, in part. Plaintiff has indicated all responsive documents that have not been produced are privileged. Plaintiff shall produce a privilege log describing the relevant and responsive documents it identified during discovery but withheld based on privilege. To the extent Defendants have not done so, they must also update their privilege log. Updated privilege logs must be exchanged by March 1, 2024.

Dated this 20th day of February, 2024.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge