IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AGI SURETRACK LLC,<br><br>             Plaintiff,<br><br>     vs.<br><br>FARMERS EDGE INC., and  FARMERS EDGE (US) INC.,<br><br>             Defendants. | **8:22CV275**<br><br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Protective Order and Objection to Expert Testimony of Robert Stoll (Filing No. 212.)  For the reasons explained below, the motion will be granted.

## BACKGROUND

Plaintiff filed this action on November 3, 2021, alleging Defendants were infringing upon multiple patents.  (Filing No. 1.) Defendants asserted a counterclaim and affirmative defenses that the patents at issue ("Asserted Patents") are unenforceable.  Defendants allege that Jason Tatge ("Mr. Tatge"), along with others, withheld material information from the patent examiner during prosecution of a parent application of the Asserted Patents. Mr. Tatge co-founded Farmobile (Plaintiff's successor-in-interest) and is an inventor on the Asserted Patents.

Robert Stoll ("Mr. Stoll") is an attorney and current partner at the law firm Faegre Drinker Biddle & Reath LLP ("Faegre").[1] (Filing No. 215-1.) Faegre has represented Plaintiff's parent company, Ag Growth International Inc. ("Ag Growth"), in numerous legal matters.  (Filing No. 213-1.) Ag Growth is Faegre's current client and has been a client since at least August 2021. (Filing No. 213-1.) Plaintiff is also Faegre's current client. (Filing No. 215-1.) Approximately twelve attorneys at Faegre have been involved in legal matters for Ag Growth, including at least one partner in Faegre's Washington D.C. office, where Mr. Stoll is located.  (Filing No. 213-1.)

Faegre performed legal work in connection with the end of Mr. Tatge's employment with Plaintiff. (Filing No. 213-1.) Mr. Tatge was Plaintiff's Senior Vice President until January 2023, when his employment was terminated. (Filing No. 214.) Faegre handled the negotiation of a severance payment and Release Agreement with Mr. Tatge on behalf of Ag Growth and Plaintiff. (Filing No. 213-1; Filing No. 213-2.) Ag Growth's Senior Legal Director submitted an affidavit in connection with this motion stating that during these negotiations, Ag Growth provided Faegre with highly confidential information, including information about litigation strategy in this case. (Filing No. 213-1.) The Release Agreement was not a standard form and was drafted and negotiated with this lawsuit in mind. (Filing No. 213-1; Filing No. 21302.) The Release Agreement was produced during discovery. (Filing No. 213-1.) Defendants introduced the Release Agreement as an exhibit at Mr. Tatge's deposition and questioned Mr. Tatge about its provisions.  (Filing No. 213-2; Filing No. 216-2.)

Faegre's Deputy General Counsel, Audrey Burns ("Ms. Burns"), also submitted an affidavit in connection with this motion.  (Filing No. 215-1.) Ms. Burns averred that at the time Defendants contacted Mr. Stoll to serve as an expert witness, Faegre performed a conflicts check to determine whether Mr. Stoll had any conflicts in being retained as an independent expert for Defendants.  (Filing No. 215-1.)  Faegre determined that Mr. Stoll did not have any conflicts. (Filing No. 215-1.)  Ms. Burns stated that on September 26, 2023, Plaintiff's in-house counsel reached out to a partner at Faegre, asserting that Mr. Stoll could not act as an adverse expert witness to Plaintiff.  (Filing No. 215-1.)  After this occurred, Faegre implemented an internal ethical wall to prevent Mr. Stoll from accessing any of Ag Growth's privileged or confidential information.

---

[1] Mr. Stoll is a former USPTO Commissioner and has previously testified as an expert regarding inequitable conduct issues. (Filing No. 215-1.) *See Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33, 2016 WL 7645444, at *2 (E.D. Tex. Jan. 8, 2016).

(Filing No. 215-1.) Ms. Burns stated that Faegre has not, and does not, represent Ag Growth or Plaintiff in any patent matters.  (Filing No. 215-1.)  According to Faegre's records, Mr. Stoll has not recorded time to any matter for Ag Growth or Plaintiff, nor has Mr. Stoll accessed documents pertaining to Ag Growth or Plaintiff on Faegre's records system.  (Filing No. 215-1.)

## DISCUSSION

Plaintiff requests that the Court enter a protective order preventing Defendants from disclosing confidential information to Mr. Stoll.  Plaintiff also requests that the Court disqualify Mr. Stoll from serving as an adverse expert witness in this case.  Plaintiff argues Mr. Stoll has a conflict of interest and, thus, should be ethically barred from providing expert testimony. Plaintiff maintains that the matters Mr. Stoll will be called upon to testify are related to work Faegre performed for Plaintiff. In opposition to Plaintiff's motion, Defendants argue Mr. Stoll is not ethically precluded from serving as an independent expert because Mr. Stoll has not represented Plaintiff in the capacity as an attorney.  Defendants claim the legal work Faegre performed for Plaintiff is not related to the issues in this case and, in any event, Mr. Stoll did not perform any of this work or have access to Plaintiff's documents or confidential information.

The question of whether an attorney can serve as an expert witness for a third-party who was an adversary of the attorney's law firm's client was examined in *Commonwealth Ins. Co. v. Stone Container Corp.*, 178 F. Supp.2d 938 (N.D. Ill. 2001). In that case, the court found there was no conflict of interest because the prior work was "completely unrelated" to the litigation in which the attorney would serve as an expert, and the law firm had not received any confidential information relevant to the litigation. The court recognized, however, that "the duty of loyalty to a represented client should always raise a question in the mind of an attorney who subsequently seeks to concurrently serve as a testifying expert for a third-party who is adverse to the client." *Id. at 947*.  The court further stated it could "envision situations in which the testifying expert's firm, by virtue of its representation of the client, may possess client confidences that could be used to the client's detriment." *Id.*

The Court finds that Mr. Stoll should be disqualified as a testifying expert in this case. Unlike the situation in *Commonwealth*, Faegre's representation of Plaintiff was not completely unrelated to the subject of Mr. Stoll's testimony. Defendants intend to have Mr. Stoll serve as an

expert witness to offer opinions pertaining to Defendants' defenses and counterclaims based on alleged inequitable conduct by Plaintiff, the named inventors (including Mr. Tatge), and Plaintiffs' patent attorney.  Faegre handled the negotiation of a severance payment and Release Agreement with Mr. Tatge on behalf of Ag Growth and Plaintiff. Mr. Tatge will likely be an important witness in this case.  During Faegre's engagement for this legal work, Plaintiff shared confidential information with Faegre, including information about Plaintiff's strategy in this case.  The circumstances present in this case are along the lines of the *Commonwealth* court's description of a situation in which the testifying expert's firm possess client confidences that could be used to the client's detriment.

Although Mr. Stoll may not have worked directly with Plaintiff on these legal matters or even had access to confidential information, his law firm did. Allowing Mr. Stoll to serve as an adverse witness in this case would create an appearance of impropriety that the Court cannot ignore. *See International Business Machines Corp. v. Levin,* 579 F.2d 271, 283 (3d Cir.1978) ("The maintenance of public confidence in the propriety of the conduct of those associated with the administration of justice is so important a consideration . . . that a court may disqualify an attorney for failing to avoid even the appearance of impropriety.").  Frankly, it is understandable that Plaintiff may now question where Faegre's loyalty lies.  Faegre has already taken a position adverse to Plaintiff by submitting an affidavit on behalf of Defendants in connection with this motion. Moreover, Defendants will not be unduly prejudiced through Mr. Stoll's disqualification. It appears Defendants have another expert who can testify in place of Mr. Stoll.  (Filing No. 216-3.)

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Protective Order and Objection to Expert Testimony of Robert Stoll (Filing No. 212) is granted.

Dated this 20th day of February, 2024.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

4