**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| AGI SURETRACK LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 8:22-CV-00275-JFB-SMB |
| v. | ) |
| | ) **FARMERS EDGE'S BRIEF IN SUPPORT** |
| FARMERS EDGE INC. AND FARMERS | ) **OF MOTION FOR ORDER TO SHOW** |
| EDGE (US), INC., | ) **CAUSE AND SANCTIONS** |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**<u>TABLE OF CONTENTS</u>**

**INTRODUCTION**................................................................................................ 1

**BACKGROUND** ................................................................................................ 2

       A.     Prior Trade Secret Case .................................................... 2

       B.     Ms. Archer's And AGI's Representations In The Prior Trade Secret Case That She Had No Involvement In Patent Prosecution ........................................... 5

       C.     Ms. Archer's Involvement in Prosecution of the Asserted Patents ....................... 6

       D.     Ms. Archer's Involvement in the Current Patent Case ........................... 8

**LEGAL STANDARD** .................................................................................... 10

**ARGUMENT** .................................................................................................. 10

**I.**     **AGI and Ms. Archer Should Be Held in Contempt for Violating This Court's Protective Orders from the Prior Trade Secret Case and This Case**........................ 11

       A.     Ms. Archer Violated the Express Terms of the Patent Prosecution Bars. ............ 11

       B.     Ms. Archer Indisputably Had Actual Knowledge of Both Protective Orders.......................................................................... 16

       C.     Ms. Archer's Purported Interpretation of the Patent Prosecution Bar Is Unreasonable and Not Credible. ......................................... 17

**II.**     **The Court Should Sanction AGI and Ms. Archer for Violating the Protective Orders** .................................................................................... 22

**CONCLUSION** ............................................................................................... 24

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
    2015 WL 3863249 (N.D. Cal. Jun. 19, 2015) ...................................................17, 23

*Avago Techs., Inc. v. IPtronics Inc.*,
    2015 WL 3640626 (N.D. Cal. June 11, 2015) ..........................................................11

*Cadence Pharms., Inc. v. Fresenius Kabi USA, LLC*,
    2014 WL 3341068 (S.D. Cal. July 8, 2014) .............................................................23

*Chi. Truck Drivers v. Bhd. Lab. Leasing*,
    207 F.3d 500 (8th Cir. 2000) ...................................................................................10

*Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*,
    2009 WL 10676571 (E.D. Tex. Sep. 24, 2009) .......................................................21

*In re Deutsche Bank Trust Co. Am.*,
    605 F.3d 1373 (Fed. Cir. 2010) ...............................................................................19

*Encap, LLC v. Scotts Co.*,
    2014 WL 6386965 (E.D. Wis. Nov. 14, 2014) .......................................................22

*Eolas Techs. Inc. v. Amazon.com Inc.*,
    2018 WL 6591450 (N.D. Cal. 2018) .................................................................12, 24

*Farmers Edge Inc. v. Farmobile, LLC*,
    970 F.3d 1027 (8th Cir. 2020) ...............................................................3, 4, 12, 14

*Global Tubing, LLC v. Tenaris Coiled Tubes, LLC*,
    621 F. Supp. 3d 757 (S.D. Tex. 2022) ........................................................11, 19, 21

*Hazen v. Reagan*,
    16 F.3d 921 (8th Cir. 1994) .....................................................................................11

*Langley by Langley v. Union Elec. Co.*,
    107 F.3d 510 (7th Cir. 1997) ...................................................................................22

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*,
    427 U.S. 639 (1976) .................................................................................................22

*In re Reed*,
    888 F.3d 930 (8th Cir. 2018) ...................................................................................11

*Roadway Express, Inc. v. Piper*,
   447 U.S. 752 (1980) ..........................................................................................22

*Sprint Commc'ns Co. v. Comcast Cable Commc'ns LLC*,
   2014 WL 5581274 (D. Kan. Oct. 31, 2014) ......................................................17

*Su v. Arps*,
   2023 WL 7039265 (D. Neb. Oct. 26, 2023) ......................................................22

*Trading Techs. Int'l, Inc. v. GL Consultants, Inc.*,
   2011 WL 148252 (N.D. Ill. Jan. 18, 2011) .......................................................11

*United States v. Di Mucci*,
   879 F.2d 1488 (7th Cir. 1989) ..........................................................................22

*Zecotech Imaging Sys., PTE. Ltd. v. Saint-Gobain Ceramics & Plastics Inc.*,
   2014 WL 12597839 (N.D. Ohio May 23, 2014) ...............................................21

**Rules**

Fed. R. Civ. P. 37 (b)(2)(A) ...........................................................................................22

Fed. R. Civ. P. 37(b)(2)(C) and (d)(3) ..........................................................................22

**\*\*All emphasis added and internal quotation marks omitted unless otherwise indicated\*\***

Defendants Farmers Edge, Inc. and Farmers Edge (US), Inc. (collectively, "Farmers Edge") respectfully submit the following Brief in Support of Their Motion for an Order to Show Cause and Sanctions.

## INTRODUCTION

Farmers Edge has long been concerned about AGI's counsel Joan Archer's involvement in prosecution of the patent family that includes Asserted Patents.  In the prior trade secret litigation between the parties, Ms. Archer, who was at the Husch Blackwell law firm and lead counsel for AGI, had access to all of Farmers Edge's "Confidential-Attorneys' Eyes Only" information produced in that case.  In the midst of that litigation, Ms. Archer went in-house to become Farmobile's general counsel.  Concerned, Farmers Edge filed a motion that Ms. Archer's role as General Counsel violated the Protective Order in that case, which included a "prosecution bar." In response, Ms. Archer submitted a sworn declaration that stated as general counsel she had "no responsibilities related to, or any involvement ***whatsoever*** in, patent prosecution."  Ex. 1 (Dkt. 383) at 2.  Relying on that representation, Magistrate Judge Bazis denied the motion but shared Farmers Edge's concerns.  Ex. 2 (Dkt. 384).

Recent discovery has proven AGI's and Ms. Archer's representations to the Court were false.  AGI produced a (court-ordered) supplemental privilege log on March 8 that ███████

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████

AGI and Ms. Archer should be sanctioned for their violations of the prosecution bar and misrepresentations to the Court. Ms. Archer's and AGI's violation of the prosecution bar is clear, but the full extent of that violation is not yet known because AGI asserts privilege over these emails (and relatedly objected to Farmers Edge's subpoena for documents from Mr. White). The Court should investigate the extent of their violations because each of the five Asserted Patents in this case stems from the '621 Application, and the privilege log shows her being involved (contrary to the bar) in the prosecution of these continuation applications that led to the Asserted Patents.

## BACKGROUND

The five patents AGI is asserting against Farmers Edge in this litigation all stem from the same application—U.S. Application No. 14/434,621 ("the '621 Application").

### A.    Prior Trade Secret Case

The '621 Application was the subject of a prior trade secret litigation between the parties filed in 2016 ("Prior Trade Secret Case"). *Farmers Edge Inc. v. Farmobile LLC*, Case No. 8:16-CV-00191-JFB-SMB (D. Neb.). The Prior Trade Secret Case involved issues related to the '621 Application, including whether the '621 Application disclosed Farmers Edge's trade secrets and whether Farmers Edge owned the application because it involved work the inventors did while employed by Farmers Edge's predecessor. Ex. 3 (Archer Dep.) at 51:14-19. Ms. Archer was lead trial counsel for Farmobile (now AGI) in the Prior Trade Secret Case. Ex. 4 (Dkt. 318-1) ¶ 2. Ms. Archer was "involved in all aspects of discovery, including written and deposition discovery of the parties, numerous third parties, and all experts." *Id.* ¶ 4.

On October 24, 2016, the Court entered a Stipulated Protective Order. Ex. 5 (Dkt. 77). The Protective Order includes a patent prosecution bar, which states:

> ***Outside Counsel*** who are given access to material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" under Paragraphs 5, 7 and 8 above and who actually access any such material ***shall not themselves, or on behalf of a party to this action, prepare, counsel or assist others with the preparation, filing, or prosecution of any new patent application in the same field as automated systems and methods for capturing farming operation data*** in real time using CANbus data collection devices, to process, share, and foster analysis of agronomic data as disclosed in the material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" for the duration of this litigation and for a period of one (1) year following termination of this action by settlement or final judgment.

Ex. 5 (Dkt. 77) ¶ 23.  That patent prosecution bar did not expire until at least August 17, 2021.  Ex. 3 (Archer Dep.) at 212:13-25; *see also Farmers Edge Inc. v. Farmobile, LLC*, 970 F.3d 1027 (8th Cir. 2020).

Attempting to prove the trade secrets at issue in that litigation were previously known, Ms. Archer's law firm, Husch Blackwell, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Ex. 3 (Archer Dep.) at 58:11-59:16, 62:9-10; Ex. 6 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (GW001369)).  On ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 7 (GW0011569) at -571; *see also* Ex. 3 (Archer Dep.) at 79:20-24; 84:18-85:20. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 85:9-16, 89:25-90:8; Ex. 7 (GW0011569) at -578, -583-85. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ Ex. 7 (GW0011569) at -571. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 7 (GW0011569) at -571; Ex. 3 (Archer Dep.) at 58:8-59:24. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████████████. Ex. 7 (GW0011569)

at -571, -578. ████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████ Ex. 7 (GW0011569) at -571.

On October 22, 2016, Mr. Tatge, AGI's CEO at the time, informed Farmers Edge that AGI

████████████████████████████████████████████████████████

███████████████████████ Ex. 8 (FEI0131237).  Mr. Tatge testified that Ms. Archer was involved in

that decision.  Ex. 9 (Tatge 10/6/23 Dep.) at 150:21-151:4 ████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████").  Ms. Archer, as

General Counsel, later represented to the Court: "That prior art was the reason that we didn't

pursue the application.  We knew that we couldn't pay the fee without disclosing that prior art.

*We had a duty*."  Ex. 10 (Dkt. 430) at 3:11-15, 34:20-35:11.  The '621 Application went abandoned

on November 15, 2016 for failure to pay the issue fee.

On May 3, 2018, this Court issued an order denying Farmers Edge's partial summary

judgment motion.  Ex. 11 (Dkt. 407) at 45.  The Court explained: "There is evidence that Farmobile

abandoned the patent because it believed the patent could successfully be challenged as invalid."

*Id.* at 22-23; *see also id.* at 34 ("It is undisputed that no patent has issued in the United States.  It

is also undisputed that the patent application filed by the Farmobile defendants has been

abandoned.  The Farmobile defendants represented to the court at oral argument that the ['621

Application] was abandoned because of the discovery of prior art under U.S. patent rules.").  On

August 17, 2020, the Eighth Circuit affirmed the Court's summary judgment order.  *See Farmers

Edge Inc.*, 970 F.3d at 1027.

AGI has represented to the Court in this litigation that Ms. Archer was "an invaluable member of the Farmobile litigation team, having led the complete defense victory of the Nebraska Action, first as outside counsel and then as Farmobile's first General Counsel." Dkt. 45 at 3.

**B.      Ms. Archer's And AGI's Representations In The Prior Trade Secret Case That She Had No Involvement In Patent Prosecution**

On March 5, 2018, Ms. Archer began her new position in-house as the General Counsel of Farmobile. Ex. 4 (Dkt. 318-1) ¶ 9.  Two weeks later, Farmers Edge filed a motion to hold Farmobile and its counsel in contempt of court for violation of the protective order. Ex. 13 (Dkt. 312).  Farmers Edge argued that an in-house Farmobile employee having access to Farmers Edge's Confidential-Attorneys' Eyes Only information was a violation of the Stipulated Protective Order. Ex. 13 (Dkt. 312).  Farmers Edge further explained that Ms. Archer's role as in-house General Counsel was inconsistent with the patent prosecution bar.  Ex. 14 (Dkt. 332) at 15.

On April 20, 2018, the Court heard oral argument on the motion.  Ex. 22 (Prior Trade Secret Case 4/20/18 Hr'g Tr.) at 1.  That same day, Ms. Archer submitted a supplemental declaration stating:

> As general counsel for Farmobile, LLC, I have no responsibilities related to, or ***any involvement whatsoever*** in, patent prosecution.

> At all times while serving as outside counsel, and now as general counsel, I have fully abided and will continue to abide by the patent prosecution bar as stated in the Stipulated Protected Order.

Ex. 1 (Dkt. 383) ¶¶ 4-5.

On April 24, 2018, the Court stated that it "understands Plaintiffs' concerns regarding Ms. Archer's new position and the Court certainly questions the advisability of Ms. Archer's decision to become employed as in-house counsel at this late stage in the litigation." Ex. 15 (Dkt. 382) at 1. But the Court denied Farmers Edge's motion for contempt, explaining that Ms. Archer "averred that as general counsel…she has no responsibilities related to, or involvement in, patent

prosecution." Ex. 2 (Dkt. 384) at 1-2. The Court stated during the hearing, however, that "the protection order does survive this case, as it's stated. So if there's a violation, there is recourse." Ex. 22 (Prior Trade Secret Case 4/20/18 Hr'g Tr.) at 46:9-11.

### C. Ms. Archer's Involvement in Prosecution of the Asserted Patents

AGI refused to produce Ms. Archer for deposition or a privilege log for communications after the start of the Prior Trade Secret Case. AGI forced Farmers Edge to move to compel both. On February 20, 2024, the Court granted Farmers Edge's motions to compel. Dkt. 285; Dkt. 288. On March 8, 2024, AGI produced a privilege log. Ex. 12 (AGI Privilege Log). On March 12, 2024, AGI produced Ms. Archer for deposition. Ex. 3 (Archer Dep.). Coupled with the deposition testimony of Mr. Tatge and Mr. White, it is clear Ms. Archer ████████████████████████ ████████████████████████ Mr. White testified ████████████████████████ ████████████████████████ Ex. 16 (White 11/14/23 Dep.) at 188:16-22; *see also id.* at 190:4-8 ████████████████████████ ██████. Both Mr. Tatge and Mr. White ████████████████████████ ████████████████████████████████████. Ex. 9 (Tatge 10/6/23 Dep.) at 167:14-168:3, 174:1-5. In fact, Mr. Tatge pointed to ████████████████ ████████████████████████████████████ ████████████████████ Ex. 9 (Tatge 10/6/23 Dep.) at 174:1-5; Ex. 16 (White 11/14/23 Dep.) at 221:6-16. The prosecution log confirms these facts.

On October 26, 2017, AGI filed U.S. Patent Application No. 15/794,463 as a continuation of the '621 Application. ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████[1] Ex. 12 (AGI Privilege Log) at 1.

Preceding and following Ms. Archer's transition to General Counsel of AGI on March 5,

2018, Ms. Archer ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████

          ████████████████████████████████████████████████████

████████████████          For instance, on April 13, 2021, Farmers Edge served a supplemental non-

infringement expert report in the Canadian litigation. ██████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[1]      Ms. Archer ██████████████████████████████████████████████████████
██████████████████████████████████████████████████████████ Ex. 3
(Archer Dep.) at 69:9-17.

█████████████ occurred during the period through August 2021 when Ms. Archer admits

she was prohibited under the Protective Order from being involved in prosecution.

**D.     Ms. Archer's Involvement in the Current Patent Case**

On November 3, 2021, AGI filed suit in the Eastern District of Texas alleging Farmers

Edge infringed five related patents that all issued from continuation applications of the '621

Application.  Dkt. 1.  When the present case was filed, Ms. Archer was still AGI's General Counsel

and there was a dispute between the parties regarding the scope of the protective order.  *See* Dkt.

45.  AGI opposed entry of Farmers Edge's proposed prosecution bar, arguing that "[s]ubjecting

[Ms. Archer] to a prosecution bar would leave Farmobile without a single in-house attorney to

***participate in patent prosecution***, and such a harm is unwarranted."  Dkt. 45 at 7-8.  AGI argued

that subjecting Ms. Archer to a prosecution bar "effectively presents Farmobile with a highly

prejudicial choice—forcing Dr. Archer to either severely limit her participation in this Action, to

abandon ***her role managing Farmobile's patent portfolio through patent prosecution activities***."

*Id.*  AGI further argued that "[b]eing assisted by litigation counsel who have a deep understanding

of the patents and the prior art, and who the parties already have a relationship with, is an

invaluable asset when it comes to ***managing a patent portfolio***."  *Id.*

On April 28, 2022, the Eastern District of Texas issued a Protective Order, including a

prosecution bar.  That provision states:

> Anyone who receives or gains access to the Producing Party's CONFIDENTIAL –
> OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL
> SOURCE CODE information ***shall have no involvement in the Receiving Party's
> patent prosecution activities*** (prosecution, reexamination, reissue, interference
> proceedings or any other activities conducted before the U.S. Patent and Trademark
> Office or any patent office in any country) and decision-making about these
> activities concerning (a) automated systems and methods for capturing farming
> operation data in real time using data collection devices connected to in-field
> agricultural equipment, such as tractors and/or implements to process, share, and
> foster analysis of agronomic data; or (b) the patents asserted in this Action and any
> patent or application claiming priority to or otherwise related to the patents asserted

in this Action (collectively the "Field of Invention") during the pendency of this Action and for twelve months after its conclusion, including any appeals.

Dkt. 52 ¶ 40. The prosecution bar also makes clear what "involvement in patent prosecution" means:

> Involvement in patent prosecution activities and decision-making regarding patent prosecution activities shall mean ***providing input of any type*** (oral or written) into decisions regarding subject matter for which patent protection should be sought, the scope of claims that should be sought, arguments that should be made during patent prosecution, ***or any other involvement in patent prosecution***, or any other involvement in patent prosecution activities where the knowledge obtained from access to the Producing Party's CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL SOURCE CODE information could be used adversely to the Producing Party.

*Id.* This patent prosecution bar is still in place. *Id.*

During the pendency of this case, AGI switched prosecution of the Asserted Patents (two of which issued after the case was field) from Mr. White to Shook, Hardy & Bacon L.L.P, including Mr. Keith Bae. Mr. Bae testified ████████████████████████████████ ████████████████████████████████████████ On February 20, 2024, Shook Hardy also produced a privilege log, ████████████████████████████████. *See generally* Ex. 18 (Shook Hardy Privilege Log). ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

In March 2023, Ms. Archer left her role as General Counsel at AGI and returned to outside counsel for AGI in this litigation. In her role as outside counsel, Ms. Archer has taken several depositions of Farmers Edge witnesses that demonstrate she had access to Farmers Edge's confidential business information. For instance, Ms. Archer took the deposition of one of Farmers Edge's ████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████  On October 6, 2023, Ms. Archer attended the deposition of Mr. Tatge, who

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████

## LEGAL STANDARD

A party seeking civil contempt must prove by clear and convincing evidence that the alleged contemnors violated the order.  *Chi. Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 505 (8th Cir. 2000).  If the moving party produces such evidence, then the burden shifts to the non-moving party to show an inability to comply with the court order.  *Id.* at 506.  To meet this burden, the non-moving party must show that (1) "they were unable to comply, explaining why categorically and in detail;" (2) "their inability to comply was not self-induced;" and (3) "they made in good faith all reasonable efforts to comply."  *Id.*

## ARGUMENT

Farmers Edge asks the Court to issue an order to show cause as to why AGI and Ms. Archer should not be held in contempt of court for violating this Court's protective orders from the Prior Trade Secret Case and this case.  The evidence of the violations is clear and the Court should sanction AGI and Ms. Archer for violating the Court's protective orders.  However, the full scope of the protective order violations and damage to Farmers Edge is unknown.  Therefore, the Court should review Ms. Archer's communications with patent prosecution counsel to determine appropriate sanctions commensurate to the violations of this Court's protective orders.

I.    **AGI AND MS. ARCHER SHOULD BE HELD IN CONTEMPT FOR VIOLATING THIS COURT'S PROTECTIVE ORDERS FROM THE PRIOR TRADE SECRET CASE AND THIS CASE**

Ms. Archer, as AGI's General Counsel, violated the express terms of the patent prosecution bars contained within this Court's protective orders from the prior Trade Secret Case and this case. A party commits contempt by violating "a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *In re Reed*, 888 F.3d 930, 936 (8th Cir. 2018); *Hazen v. Reagan*, 16 F.3d 921, 924 (8th Cir. 1994) ("Before a party can be held in contempt for violating a court order, [the party] must have actual knowledge of the order and the order must be sufficiently specific to be enforceable."). AGI and Ms. Archer should be held in contempt for violating this Court's definite and specific protective orders.

A.    **Ms. Archer Violated the Express Terms of the Patent Prosecution Bars.**

Ms. Archer violated the express terms of this Court's protective orders by being involved with patent prosecution while being subject to a patent prosecution bar. A patent prosecution bar in a protective order "reflects a court's determination of the degree of protection required to balance the risk of inadvertent disclosure against the harm to the opposing party from limitations imposed on that party's right to have the counsel of its choice." *Trading Techs. Int'l, Inc. v. GL Consultants, Inc.*, 2011 WL 148252, at *8 (N.D. Ill. Jan. 18, 2011). The party has a choice wherein "an attorney agrees to give up a specific scope of activities for the specific duration of the bar in exchange for access to certain confidential information." *Id.* Simply put, "you can't do both." *Id.* Yet, Ms. Archer did.

Whether "conduct violates a protective order" is based "on the terms of the order itself." *Global Tubing, LLC v. Tenaris Coiled Tubes, LLC*, 621 F. Supp. 3d 757, 762 (S.D. Tex. 2022) (citing *Avago Techs., Inc. v. IPtronics Inc.*, 2015 WL 3640626, at *3 (N.D. Cal. June 11, 2015)).

Ms. Archer has been subject to two protective orders relevant to this motion. First, the protective

order from the prior Trade Secret Case stated that an outside counsel who had access to and had

accessed attorneys' eyes only material "shall not themselves, or on behalf of a party to this action,

***prepare, counsel or assist others with the preparation, filing, or prosecution of any new patent***

***application*** in the same field as automated systems and methods for capturing farming operation

data." Ex. 5 (Dkt. 77) ¶ 23. This patent prosecution bar was in place from October 24, 2016 to at

least August 17, 2021.[2]  *Id.*; *see also* Ex. 3 (Archer Dep.) at 212:13-22; *Farmers Edge Inc.*, 970

F.3d at 1027.

Ms. Archer began as outside lead trial counsel for AGI in the Prior Trade Secret Litigation.

Ms. Archer was "involved in all aspects of discovery, including written and deposition discovery

of the parties, numerous third parties, and all experts." Ex. 4 (Dkt. 318-1) ¶¶ 2, 4. It is undisputed

that Ms. Archer had access to Farmers Edge's confidential – attorneys' eyes only information as

lead counsel. As but one of numerous examples, Ms. Archer took the deposition of Ms. Lori

Robidoux, at the time Farmers Edge's Chief Financial Officer, on June 22, 2017. Ex. 20

(Robidoux Dep.). Several of the exhibits introduced by Ms. Archer during that deposition were

marked as "Confidential – Attorneys' Eyes Only." *See* Ex. 21 (Robidoux Dep., Ex. 154).

On March 5, 2018, Ms. Archer began her position as General Counsel of Farmobile. Ex.

4 (Dkt. 318-1) ¶ 9. Farmers Edge filed a contempt motion, out of concern Ms. Archer was now

serving as an in-house attorney to Farmobile with access to Farmers Edge's confidential attorneys'

eyes only information. Ex. 13 (Dkt. 312). Farmers Edge explained that Ms. Archer's role as in-

---

[2]     The prosecution bar was in effect until one year after the appeal was final, and the appeal
was not final until 90 days after the period for filing a petition for a writ of certiorari expired,
which was November 15, 2020. *See Eolas Techs. Inc. v. Amazon.com Inc.*, 2018 WL 6591450, at
*2 (N.D. Cal. 2018) (noting a prosecution bar expired one year after the period for seeking review
with the Supreme Court expired).

house General Counsel was inconsistent with the prosecution bar of the Protective Order.  Ex. 14 (Dkt. 332) at 15.  Ms. Archer submitted a declaration stating: "As general counsel for Farmobile, LLC, I have no responsibilities related to, or any involvement whatsoever in, patent prosecution" and that she had "fully abided and will continue to abide by the patent prosecution bar as stated in the Stipulated Protected Order."  Ex. 1 (Dkt. 383) ¶¶ 4-5.  The Court denied Farmers Edge's motion, in reliance on the fact that Ms. Archer "averred that as general counsel…she has no responsibilities related to, or involvement in, patent prosecution."  Ex. 2 (Dkt. 384) at 1-2.  Despite having access to confidential information that Farmers Edge marked as attorneys' eyes only and her declaration under penalty of perjury to this Court, Ms. Archer ███████████████████

███████████████████████████████████████████████████

███████████████████████████████

███████████████████████████████████████████

███████████████████████   After Ms. Archer became General Counsel, but prior to Ms. Archer declaring she had no involvement in prosecution, ████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████

AGI resurrected the abandoned claims of the '621 Application by filing the application that led to the '937 Patent on October 26, 2017.  ████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████



The appellate decision affirming this Court's summary-judgment grant issued around the same time. *Farmers Edge Inc.*, 970 F.3d at 1027.

Other communications line up with key events in the pending patent infringement suits filed by AGI in Canada and the current litigation. For example, on April 13, 2021, Farmers Edge served a supplemental non-infringement expert report in the Canadian litigation. ████████

These communications occurred during when Ms. Archer was barred from assisting with prosecution of patent applications concerning the technology at issue.

When AGI filed this patent infringement suit against Farmers Edge in 2021, Ms. Archer was still General Counsel. While the litigation was still pending in the Eastern District of Texas, AGI sought to ensure that Ms. Archer could access Farmers Edge's confidential information marked attorneys' eyes only, while opposing a prosecution bar for Ms. Archer. Dkt. 45. AGI argued "[s]ubjecting [Ms. Archer] to a prosecution bar would leave Farmobile without a single in-hose attorney to participate in patent prosecution, and such a harm is unwarranted" and "effectively

presents Farmobile with a highly prejudicial choice—forcing Dr. Archer to either severely limit her participation in this Action, or to abandon ***her role managing Farmobile's patent portfolio through patent prosecution activities***." Dkt. 45 at 7-8.  The court allowed Ms. Archer to access Farmers Edge's confidential information marked attorneys' eyes only, but included a prosecution bar that provided anyone who accesses a party's attorneys' eyes only information "shall have no involvement in the Receiving Party's patent prosecution activities" concerning automated systems and method for capturing farming operation data, the patents asserted in this Action, or application claiming priority to or otherwise related to the patents in this Action.  Dkt. 52 ¶ 40.  This patent prosecution bar is still in place.

In March 2023, Ms. Archer left her role as General Counsel at AGI and returned to outside counsel for AGI in this litigation.  Ms. Archer took and defended numerous depositions in this case, including deposing several Farmers Edge witnesses using documents marked as attorneys' eyes only, including Mr. Kris Kinnaird, Ms. Katie Moore, Mr. Jay Jung, Mr. Amit Pradham, and Mr. Antoine Kandera.  Ms. Archer took the deposition of one of Farmers Edge's ████

████████████████████████████████████████████████████

██████████████████████████████████████

AGI switched prosecution of the Asserted Patents (two of which issued after the case was filed) from Mr. White to Shook, Hardy & Bacon L.L.P, including Mr. Keith Bae.  Mr. Bae testified

████████████████████████████████████████████████████

████████  Shook Hardy also produced a privilege log in this case ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████



Ms. Archer violated the express terms of patent prosecution bars from this Court's protective orders by counseling and assisting patent prosecution counsel, Mr. White and Mr. Bae, with the preparation, filing, or prosecution of the Asserted Patents in this litigation between 2017 and 2023.  After accessing Farmers Edge's CONFIDENTIAL – ATTORNEYS' EYES ONLY information, Ms. Archer ███████████████████████████████████████████ ███████████████████████████████████████████████████████ Ms. Archer continued to be involved in patent prosecution during the pendency of this litigation, after patent prosecution was transferred to Mr. Bae, ███████████████████████████ ████████████████████████████████.

**B.    Ms. Archer Indisputably Had Actual Knowledge of Both Protective Orders.**

Ms. Archer had actual knowledge of both the protective orders from the Prior Trade Secret Case and this case, including the patent prosecution bar.  Indeed, after Ms. Archer became the General Counsel of Farmobile, LLC on March 5, 2018, Farmers Edge filed a motion in the Prior Trade Secret Case arguing that her new job and responsibilities violated the protective order given her access to confidential material.  Ms. Archer responded to that motion by filing a declaration stating she had "fully abided and will continue to abide" by the protective order. Ex. 1 (Dkt. 383) ¶ 5.

Ms. Archer had knowledge of the protective order in this present case too.  Ms. Archer's ability as general counsel to access Farmers Edge's confidential information was disputed again shortly after AGI filed this case in the Eastern District of Texas.  *See* Dkt. 45.  AGI fought against inclusion of a prosecution bar in the protective order, arguing that at that time Ms. Archer was the sole in-house counsel at the time and her role included "***managing Farmobile's patent portfolio through patent prosecution activities***."  Dkt. 45.  AGI argued it would be "highly prejudicial" to force AGI to choose between having Ms. Archer be able to actively participate in this Action (which required her to access Farmers Edge's confidential information), and managing Farmobile's patent portfolio through patent prosecution activities.  Dkt. 45 at 7-8.  The court entered a protective order in this case that included a patent prosecution bar, and it is still in place. Dkt. 52.

### C.   Ms. Archer's Purported Interpretation of the Patent Prosecution Bar Is Unreasonable and Not Credible.

Ms. Archer's claim that she has not violated the Court's order because 

is unreasonable and not credible.

.[3]  Mr. White testified

---

[3]     AGI and Ms. Archer cannot variously use these communications as a sword to state her actions were ministerial and shield them from production to Farmers Edge.  *Apple Inc. v. Samsung Elecs. Co.*, 2015 WL 3863249, at *7 (N.D. Cal. Jun. 19, 2015) (finding Samsung's defenses in the sanctions proceedings put the contents of those privileged documents at issue," because "Samsung rais[ed] affirmative defenses about inadvertence and whether Nokia's confidential information actually was used,"  and ordered production of those documents).  To the extent any of these communications are ministerial, such communications are not protected by the attorney-client privilege and should be produced.  *See Sprint Commc'ns Co. v. Comcast Cable Commc'ns LLC*, 2014 WL 5581274, at *4 (D. Kan. Oct. 31, 2014) ("The document reveals that the attorney was ***merely acting as a conduit for information*** from another source (a ***public*** transcript)," that communication "does not tend to reveal any client confidences or legal advice or strategy; ... [it] is not privileged.").  AGI and Ms. Archer cannot have it both ways.

███████████████████████████████████████████ And AGI represented unequivocally to Judge Gilstrap that Ms. Archer had the role of "managing Farmobile's patent portfolio through patent prosecution activities."  Dkt. 45.  ███████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████ In the face of this evidence, Ms. Archer testified ████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

But her contrived interpretation of the patent prosecution bar is not based on a good faith and reasonable interpretation of the Court's order.  By its terms, the patent prosecution bar from the prior Trade Secret Case precluded individuals who have accessed Farmers Edge's highly confidential information from "prepar[ing], *counsel[ing] or assist[ing] others* with the preparation, filing, or prosecution of any new patent application in the same field as automated systems and methods for capturing farming operation…."  Ex. 5 (Dkt. 77) ¶ 23.  The patent prosecution bar in this case also prohibits such activities.  Dkt. 52 ¶ 40.

The fact that Ms. Archer was not the individual signing and filing documents in the prosecution of the continuation applications is of no moment.  Her interpretation is refuted by the express terms of the patent bar itself, which also prevents "experts" who have access to attorneys' eyes only information from assisting in prosecution—experts are not attorneys singing and filing documents with the Patent Office.  Ex. 5 (Dkt. 77) ¶ 23.  Likewise, the Federal Circuit has recognized that a prosecution bar may appropriately apply not just to "prosecuting attorneys" but also to "senior level supervisors" who "primarily serve as liaisons between prosecuting attorneys

and clients, but may also have the opportunity to influence the direction of prosecution." *In re Deutsche Bank Trust Co. Am.*, 605 F.3d 1373, 1380 (Fed. Cir. 2010).

Furthermore, other courts have recognized that "assist[ng]" is not limited to those who file documents in the patent office. In *Global Tubing*, "the Court f[ound] that Defendants' litigation counsel violated the prosecution bar in the Protective Order when she ***assisted*** in the prosecution of the Children Patents." 621 F. Supp. 3d at 766; *see also Deutsche Bank*, 605 F.3d at 1376 (considering a prosecution bar that prohibited "assist[ing]" in prosecution of patents).

Moreover, Ms. Archer's view of being "involved" in patent prosecution is not credible. During the Prior Trade Secret Case, ██████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

---

4    Farmers Edge requests a ruling from the Court on the improper privilege instructions made at Ms. Archer's deposition.  For example, Ms. Archer was instructed not to answer the question: ████████████████████████████████████████████████████████ Ex. 3 (Archer Dep.) at 60:18-62:1; *see also id.* at 34:14-36:25, 65:5-67:13, 103:11-104:16.

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

Ms. Archer lacks credibility as her testimony conflicts not only with Mr. Tatge's prior testimony, but also her prior representations to this Court during the Prior Trade Secret Case. AGI allowed the '621 Application to go abandoned on November 15, 2016. Mr. Tatge testified

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████ Ms. Archer represented to this Court: "That prior art was the reason that we didn't pursue the application. We knew that we couldn't pay the fee without disclosing that prior art. We had a duty." Ex. 10 (Dkt. 430) at 35. This Court relied on Ms. Archer's representation regarding the abandonment decision in its decision to deny partial summary judgment. Ex. 11 (Dkt. 407) at 34.

Yet in this case, Ms. Archer testified ████████████████████████████████████

████████████

████████████████████████████████████████████████████████████

█



To the extent Ms. Archer claims "no harm, no foul" because she did not actually use any of Farmers Edge's confidential information ████████████████████████████████ ██████████████████████████████████████████ that is not the test for a violation of the patent prosecution bar. *Global Tubing*, 621 F. Supp. 3d at 765 ("[T]he prosecution bar does not require there to have been a breach of confidentiality."); *Zecotech Imaging Sys., PTE. Ltd. v. Saint-Gobain Ceramics & Plastics Inc.*, 2014 WL 12597839, at *5 (N.D. Ohio May 23, 2014); *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, 2009 WL 10676571, at *4 (E.D. Tex. Sep. 24, 2009) ("This protective order was in place to prohibit those who have access to confidential information from engaging in certain activities, not to prevent the actual use of the information…. Again, certain activities due to access are prohibited, not the actual use of the information.").

Any purported belief that Ms. Archer's communications as (lead) litigation counsel with patent prosecution counsel during the pendency of the patent prosecution bars were permitted under the patent prosecution bars should be rejected.

## II.     THE COURT SHOULD SANCTION AGI AND MS. ARCHER FOR VIOLATING THE PROTECTIVE ORDERS

The Court should sanction AGI and Ms. Archer pursuant to Federal Rule of Civil Procedure 37(b) for violation of this Court's protective orders.  *See* Fed. R. Civ. P. 37 (b)(2)(A).  The Supreme Court has stated that "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent."  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).  Additionally, when grounds for sanctions exist, courts "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) and (d)(3).

Ms. Archer is "at fault" for her repeated violation of the protective orders and thus sanctions under Rule 37 (b) are appropriate.  *Encap, LLC v. Scotts Co.*, 2014 WL 6386965, at *3 (E.D. Wis. Nov. 14, 2014); *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997) (explaining "that the term 'fault,' [in context of Rule 37 sanctions], was unconcerned with the non-complying party's subjective motivation, but rather only describe[d] the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation.").  Furthermore, Ms. Archer's conduct is attributable to AGI, whether she was in-house or outside litigation counsel at the time of the conduct.  *See United States v. Di Mucci*, 879 F.2d 1488, 1496 (7th Cir. 1989) ("[T]he law in this circuit is that an attorney's conduct must be imputed to his client in *any* context.") (emphasis in original).

In addition, the Court should impose compensatory sanctions.  "Reasonable attorneys' fees and costs incurred in prosecuting a contempt motion are compensatory sanctions."  *Su v. Arps*,

2023 WL 7039265, at *5 (D. Neb. Oct. 26, 2023); *see also Cadence Pharms., Inc. v. Fresenius Kabi USA, LLC*, 2014 WL 3341068 (S.D. Cal. July 8, 2014) (granting in part motion for sanctions under Rule 37 for attorney's fees and costs based on violation of protective order by disclosing AEO expert report to in-house counsel and prosecution counsel). The Court should award Farmers Edge is reasonable attorneys' fees for having to investigate Ms. Archer's breach and bring this motion.

In light of AGI's and Ms. Archer's conduct, Farmers Edge respectfully requests this Court: (1) enjoin Ms. Archer from further participation in any activities prohibited by the prosecution bar from this case (Dkt. 52); (2) order Ms. Archer to provide an accounting of all of her patent prosecution activities on behalf of AGI, and AGI's predecessor Farmobile; (3) award Farmers Edge its reasonable attorneys' fees associated with the filing of this motion.

The fact of AGI's and Ms. Archer's violation of the protective order is clear, but the full scope of AGI's and Ms. Archer's violations and damage to Farmers Edge is unknown. Ms. Archer ███████████████████████████████████████████ during the pendency of the patent prosecution bars and during the prosecution of the Asserted Patents in this case. Farmers Edge requests that the Court review what it believes to be a representative sample of these communications *in camera* to determine the full scope of the violation and the appropriate sanctions for such conduct.[5] *See Apple*, 2015 WL 3863249, at *2 ("finding that Apple, Nokia, and Judge Grewal lacked even the most basic information regarding" Samsung's protective order violation and "order[ing] Samsung to produce unredacted copies of the documents identified in

---

[5]    To the extent the Court prefers not to review the document identified in each entry of AGI's privilege log, Farmers Edge submits the Court should at least look at entries ████████████
████████████████████████████████████████████████████████████████

Samsung's privilege log for *in camera* review"); *see also Eolas Techs. Inc.*, 2018 WL 6591450, at *3 (ordering the production of documents "involving any Eolas representatives or agents bound by the prosecution bar related directly or indirectly to the prosecution of the application.").

**CONCLUSION**

For the foregoing reasons, Farmers Edge respectfully moves the Court for an order to show cause why an Order should not be issued by this Court requiring that AGI and Joan Archer be held in contempt for knowingly violating this Court's protective orders from the Prior Trade Secret Case entered October 24, 2016 and this case entered April 28, 2022, move for appropriate sanctions corresponding to the protective order violations, and to compel the production of documents improperly withheld under the attorney-client privilege.

Dated: March 26, 2024

Respectfully submitted,

/s/ Nathan S. Mammen

| | |
|---|---|
| Gregg F. LoCascio, P.C. (admitted *pro hac vice*) | Patrick E. Brookhouser, Jr. #19245 |
| Nathan S. Mammen (admitted *pro hac vice*) | McGrath North Mullin & Kratz, PC LLO |
| Abigail L. Litow (admitted *pro hac vice*) | First National Tower, Suite 3700 |
| Matthew J. McIntee (admitted *pro hac vice*) | 1601 Dodge Street |
| gregg.locascio@kirkland.com | Omaha, Nebraska 68102 |
| nathan.mammen@kirkland.com | (402) 341-3070 |
| abigail.litow@kirkland.com | (402) 341-0216 (fax) |
| matt.mcintee@kirkland.com | pbrookhouser@mcgrathnorth.com |

KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5000
Fax: (202) 389-5200

*Counsel for Defendants Farmers Edge,*
*Inc. and Farmers Edge (US), Inc.*

Jeanne M. Heffernan, P.C. (admitted *pro hac vice*)
jheffernan@kirkland.com
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Tel.: (512) 678-9100
Fax: (512) 678-9101

*Counsel for Defendants Farmers Edge, Inc.*
*and Farmers Edge (US), Inc.*

## CERTIFICATE OF COMPLIANCE

This brief complies with the word count limits in NECivR 7.1(d).  This Brief contains 7,854 words, with that count being done by including all text including the caption, headings, footnotes, and quotations, using Microsoft Word's word count functionality.

*/s/ Nathan S. Mammen*
Nathan S. Mammen


## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2024, I had the foregoing electronically filed with the Clerk of the Court using the CM/ECF system which should send notification of such filing to all CM/ECF participants.

*/s/ Nathan S. Mammen*
Nathan S. Mammen