IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AGI SURETRACK LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FARMERS EDGE INC., and FARMERS EDGE (US) INC.,<br><br>　　　　　Defendants. | 8:22CV275<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiff's, AGI Suretrack LLC's ("AGI"), motion to review and reverse the Clerk's award of $8,232.17 in taxable costs in this matter. Filing No. 393. AGI objects to the Clerk's taxation of costs on the grounds the defendants, Farmers Edge Inc., and Farmers Edge (US) Inc. (collectively "Farmers") failed to provide any explanation as to the purpose and necessity of the claimed costs. Filing No. 393-1 at 1–4. Alternatively, AGI requests the Court to stay enforcement pending resolution of the parties' cross-appeals to the Federal Circuit. Filing No. 393-1 at 5–7.

**BACKGROUND**

Following this Court's granting summary judgement in favor of Farmers on the issue of invalidity of the Asserted Patents (Filing No. 376, Filing No. 377), Farmers filed a Bill of Costs seeking $60,361.70 in taxable costs from AGI. Filing No. 382. AGI objected to the requested costs of printed and video recorded depositions arguing Farmers failed to submit required supporting documentation. Filing No. 390. AGI asserted that if Farmers' failure to properly support their Bill of Costs was excused, Farmers should only be allowed to recover costs from the depositions of the three named inventors of the

1

Asserted Patents, as those were the only transcripts cited in their briefing on subject-matter eligibility. Filing No. 390 at 3.

AGI argued Farmers' request for taxation included the cost for expedited transcripts, which may not be taxed if they were produced solely for the convenience of counsel according to Bills of Costs Handbook (Handbook). Filing No. 390 at 5. AGI requested the cost of the expedited transcripts be discounted by half if the costs were not rejected outright. Filing No. 390 at 6. AGI also objected to Farmers' request for taxation of the costs for video recorded transcripts. Filing No. 390 at 7.

After considering AGI's objections to Farmers' requested costs and Farmers' reply to those objections, the Clerk taxed costs in the amount of $8,232.17, covering the costs of printed transcripts and video recordings of the depositions of the three named inventors of the Asserted Patents. Filing No. 392. The clerk taxed the costs in accordance with the guidelines set forth in the Handbook, noting:

> Defendants did not submit an explanatory memorandum or affidavit to explain how each transcript and/or deposition was used and why it was necessary, nor provide any citation of the filing numbers of any motions and/or supporting briefs in which the transcripts and/or depositions were cited.
>
> The Clerk of Court has limited authority and cannot be presumed to be aware of, or to independently research, the record to determine how each deposition was used and the circumstances demonstrating necessity. Therefore, costs for printed and video recorded transcripts listed on Defendants' Exhibit 1 (Filing No. 382-1) will be disallowed, except for the costs set forth below for the depositions of Heath Gerlock, Jason Tatge on October 6, 2023, and Randy Nuss. Plaintiff identified the depositions of Mr. Gerlock, Mr. Tatge, and Mr. Nuss as depositions that were cited in Defendants' briefing on subject-matter eligibility, stating that Defendants may be entitled to certain costs for those depositions.

Filing No. 390 at 4–5.

The clerk allowed one-half the cost of the expedited transcripts for the depositions of Gerlock, Tatge, and Nuss, and the costs for filming those depositions. Filing No. 390 at 5–7. Because the Handbook does not provide for taxation of electronic media support fees, the clerk did not allow Farmers' request for those costs associated with the depositions of Gerlock, Tatge and Nuss. Filing No. 390 at 5–7.

**LEGAL STANDARD**

"A prevailing party is presumptively entitled to recover all of its costs." *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005). The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must "suggest a rationale under which the district court's actions constitute an abuse of discretion." *Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005). Fed. R. Civ. P. 54(d)(1) provides "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This is "a codification of the 'presumption that the prevailing party is entitled to costs.'" *Greaser v. State, Dep't of Corr.*, 145 F.3d 979, 985 (8th Cir. 1998) (quoting *Bathke v. Casey's Gen. Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995)). "Rule 54(d) is phrased in permissive terms and generally grants a federal court the discretion to refuse to tax costs in favor of the prevailing party." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006).

**DISCUSSION**

AGI argues the Clerk's taxation of the inventors' depositions and the taxation of the costs to videotape those depositions should be reversed because Farmers failed to provide an explanatory memorandum or affidavit to clarify how they were used, why they

3

were necessary and why video depositions were justified. Filing No. 393-1 at 1–3. According to AGI, the Handbook required Farmers to provide an affidavit or memorandum to explain how the depositions were used and the necessity to videotape the depositions. *Id.* at 1. In support of its argument, AGI references the Clerk's justification for disallowing the majority of the costs for the printed and video recorded transcripts requested by Farmers noting, "Defendants did not submit an explanatory memorandum or affidavit to explain how each transcript and/or deposition was used and why it was necessary, nor provide any citation of the filing numbers of any motions and/or supporting briefs in which the transcripts and/or depositions were cited." *Id.*

> The Clerk taxed costs according to the guidelines which in relevant part provide:
>
> FEES FOR PRINTED OR ELECTRONICALLY RECORDED TRANSCRIPTS NECESSARILY OBTAINED FOR USE IN THE CASE, 28 U.S.C. § 1920(2)
>
> 4. Required documentation
>
>    . . .
>
>    c. Transcript and/or deposition invoices
>
>    Counsel should submit invoices indicating:
>
>       i.   Case name or number;
>       ii.  Party being deposed;
>       iii. Date of deposition; and
>       iv.  Itemized bill of court reporter's fee.
>
>    d. Explanatory memorandum
>
>    Counsel should provide an explanatory memorandum or affidavit to explain how each transcript and/or deposition was used and why it was necessary. If applicable, the memorandum or affidavit should cite the filing numbers of any motions and/or supporting briefs in which the transcript and/or deposition was cited.

4

Bills of Costs Handbook for the U.S. District Court for the District of Nebraska § (IV) (C) (4)(d).

The Court finds AGI has overcome the presumption in favor of taxation of costs. Farmers did not submit the Handbook's required documentation to support taxation of costs associated with depositions. The Clerk correctly noted this failure in disallowing most of the costs requested by Farmers. Filing No. 392 at 5. Because Farmers failed to submit the required documentation to support its Bill of Costs, the costs should have been disallowed in their entirety. Thus, in its discretion, the Court finds the Clerk's taxation of costs should be reversed.

Dated this 14th day of August, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge